**UNITED STATES**

v.

**John Michael SCARDINA, 557 27 8689, Airman Apprentice (E–2), U.S. Naval Reserve.**

**NMCM 84 1186.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 15 Feb. 1984.

Decided 30 May 1984.

MAJ Patrick H. McGann, Jr., USMC, Appellate Defense Counsel.

LT Rebecca Gilchrist, JAGC, USNR, Appellate Defense Counsel.

MAJ J.S. Uberman, USMC, Appellate Government Counsel.

Before GREGORY, Senior Judge, and MITCHELL and BARR, JJ.

MITCHELL, Judge:

The appellant was convicted pursuant to his pleas of a number of offenses including specification 12 of Charge I, which was unassailed at trial and which alleges that the appellant absented himself from his place of duty at which he was required to be, namely "... the Ecology Support Division, Chief Master-at-Arms Office, Building 861, Naval Air Station, Lemoore, California." The absence is alleged to have commenced at 1400 on 5 January 1984 and to have terminated at 0840 on 6 January 1984. We note that two other surviving specifications are similarly constructed, though not made the subject of the appellant's petition.

The appellant complains that his plea to specification 12 of Charge I was improvident because the facts do not establish that he first reported to and then left his place of duty as the specification alleges.

The providence inquiry revealed that the appellant was supposed to be present in the aforesaid office at the time the absence commenced but he did not "... show up" until 0840 on 6 January 1984 when he was apprehended attempting to go out the main gate. During the period of the alleged absence, the appellant stayed aboard Naval Air Station, Lemoore, but considered himself AWOL. Appellant now claims his pleas to this offense were improvident because there was no showing that he reported to the CMAA office prior to absenting himself from that office.

Though not well articulated in the appellate pleadings, at issue in this case are the distinctions among Uniform Code of Military Justice (UCMJ), Article 86(1), 10 U.S.C. § 886(1), failure to go at the designated time to the appointed place of duty; 86(2), going from the appointed place of

duty; and 86(3), absenting one's self from the unit, organization or place of duty at which one is required to be at the time prescribed.

UCMJ, Article 86 was the codification of Article 61, Articles of War of 1920, and had its roots in the American Articles of War of 1776. Historically, and as set forth in paragraph 165, *Manual for Courts-Martial, 1969 (Rev.)* (MCM), the words "place of duty" in UCMJ, Article 86(3) do not have the same meaning as the same words used in sections (1) and (2) of Article 86. UCMJ, Article 86(3) "place of duty" contemplated a general place of duty exemplified by the words unit, organization, camp, post, command, base or quarters, while sections (1) and (2) of UCMJ, Article 86 contemplated specifically appointed places such as a ship compartment or other precise location. Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 254. *See generally, United States v. Sheehan,* 1 U.S.C.M.A. 532, 4 C.M.R. 124 (1952); *United States v. Sturkey,* 50 C.M.R. 110 (A.C.M.R.1975); *United States v. Bement,* 34 C.M.R. 648 (A.B.R.1964); *United States v. Moore,* 27 C.M.R. 909 (C.G.B.R.1958); *United States v. Brown,* 24 C.M.R. 585 (A.B.R.1957); *United States v. Sears,* 22 C.M.R. 744 (C.G.B.R.1956); *United States v. Reese,* 7 C.M.R. 292 (A.B.R.1953); *United States v. Skipper,* 1 C.M.R. 581 (C.G.B.R.1951). Winthrop, Military Law and Precedents (1920 ed).

The specification in question can be variously viewed as a mispleaded UCMJ, Article 86(3) or 86(2) or 86(1), depending upon what drawer one wishes to pull out. The Chief Master-at-Arms Office is certainly not the general place of duty contemplated by UCMJ, Article 86(3), and the specification at issue is insufficient to state that offense since an absence from a particular office does not necessarily amount to an absence from a unit. *See United States v. Sears, supra; United States v. Reese, supra; United States v. Skipper, supra.*

A review of the charge sheet reveals that the appellant was charged with several specifications involving violations of sections (1) and (2) of UCMJ, Article 86, alleging unauthorized absence from the same office alleged in the specification at issue. This indicates that the drafter of the pleadings may have used a hybrid specification because he did not have independent evidence to establish whether the appellant's conduct fell within UCMJ, Article 86(1) or 86(2), the essential knowledge of the true facts apparently being confined to the appellant. We need not be distracted by this hybrid pleading motivation because we find the specification language adequate to fairly include the essential facts of sections (1) and (2) of UCMJ, Article 86, to apprise the appellant of what he had to defend against and to protect him from double jeopardy when viewed against the record of trial, even though the specification is set forth in Article 86(3) form.

The specification at issue alleges an unauthorized absence from a specific place of duty within the meaning of sections (1) and (2) of UCMJ, Article 86. The appellant believed himself to be an unauthorized absentee from that office, and the appellant confessed in open court during the providence inquiry to the details of a UCMJ, Article 86(1) absence. There is no reason to believe that the variance impeded defense preparation. The maximum punishment is the same regardless of how the specification is analyzed. In these circumstances, we see no reason to set aside the conviction. *United States v. Felty,* 12 M.J. 438 (C.M.A.1982). *Cf. United States v. Hopf,* 1 U.S.C.M.A. 584, 5 C.M.R. 12 (1952). We hold the variance to be immaterial.

We also affirm under the same reasoning the appellant's conviction of specifications 7 and 9 of Charge I, each of which involves the same technical difficulty.

Notwithstanding the appellant's invitation to consider it, we do not perceive the portended significance of the fact that specification 11 of Charge I of which the appellant stands convicted alleges a failure to repair to the Chief Master-at-Arms office at 0730 on the same day as the 1400 failure to repair which formed the basis of specification 12 of Charge I.

In view of the foregoing, the findings and sentence as approved on review below are affirmed.

Senior Judge GREGORY and Judge BARR concur.