## UNITED STATES

### v.

**Wesley L. PHILLIPS, Jr., 531 84 3807, Seaman Recruit (E-1), U.S. Navy.**

### NMCM 88 1308.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 29 Jan. 1988.

Decided 10 Feb. 1989.

LCDR L. Saccoccio, JAGC, USN, Appellate Defense Counsel.

LT Sigurd R. Peterson, Jr., JAGC, USNR, Appellate Government Counsel.

Before BYRNE, C.J., and MIELCZARSKI and RUBENS, JJ.

BYRNE, Chief Judge:

Seaman Recruit Phillips was convicted, pursuant to his pleas, by a military judge sitting alone as a special court-martial of four specifications of unauthorized absence in violation of the Uniform Code of Military Justice (UCMJ), Article 86, 10 U.S.C.A. § 886. In accordance with the terms of a pretrial agreement, the convening authority approved only so much of the sentence as provided for 85 days of confinement, forfeiture of $300.00 pay per month for three months, and a bad-conduct discharge. Phillips now claims that the military judge erred in accepting his guilty pleas to two of the specifications alleging unauthorized absence. We disagree and affirm.

Specifications 4 and 5 of Charge I allege Phillips' absence from the Naval Technical Training Center, Meridian, Mississippi, from 28 January to 30 January 1987, and from 2 February to 9 February 1987, re-

9. *United States v. Fields,* 13 U.S.C.M.A. 193, 32 CMR 193 (1962) and *United States v. Grover,* 10 U.S.C.M.A. 91, 27 C.M.R. 165 (1958).

spectively. During the providence inquiry, Phillips stated that during both these absences, he stayed in his barracks aboard the Naval Air Station, Meridian, Mississippi. His whereabouts were unknown to his command. He simply stayed in his barracks room rather than go to work. He now claims that, since he was on the installation where his unit was located during these two relatively short unauthorized absences, he was never, in fact, absent from his unit.

Relying on *United States v. Wargo*, 11 M.J. 501 (N.C.M.R.1981), appellant implicitly argues that there was no inception to these unauthorized absences. Wargo was charged with, and in accordance with his pleas, pled guilty to, unauthorized absence from the U.S. Naval Station, San Diego. During the providence inquiry, he stated that after termination of his unauthorized absence from his ship, he was returned to the Naval Station, San Diego, in a legal hold status, to await the return of his deployed ship. (The Naval Station was Wargo's unit until he actually returned to his ship.) Wargo was assigned to the Naval Station's Legal Hold Barracks, and began working with the First Lieutenant's staff, performing general maintenance duties. Thereafter, for an extended period, he did not report for work, remaining in the Naval Station barracks and sleeping in the same bunk every night. This Court held, *inter alia*, that Wargo was not guilty of an unauthorized absence from his ·unit because he was not absent from his unit as of the inception date of the absence.

 In our case, Seaman Recruit Phillips' unit was not the installation where he was billeted. As Phillips was not present at his unit when he was required to be there, he was an unauthorized absentee, even though he did not leave the military installation on which his unit was located, for his mere presence on the host base was not the equivalent of his presence within his unit. *Cf., Wargo*, 11 M.J. at 504. Finally, appellant terminated these two absences by reporting back to his unit for duty on the days alleged.

Therefore, the military judge did not err in accepting appellant's pleas of guilty to Specifications 4 and 5 under Charge I. The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant was committed. The findings and sentence, as approved on review below, are affirmed.

Judge MIELCZARSKI and Judge RUBENS concur.