UNITED STATES, Appellee,

v.

Carl A. SPARROW, Private, U.S. Army, Appellant.

No. 65,743.

CM 8802247.

U.S. Court of Military Appeals.

Submitted April 16, 1991.

Decided Sept. 12, 1991.

For the Appellant: *Lieutenant Colonel Russell S. Estey* and *Captain Alan M. Boyd* (on brief).

For the Appellee: *Colonel Alfred F. Arquilla, Lieutanant Colonel Daniel J. Dell'Orto, Captain Timothy W. Lucas, Captain Jonathan F. Potter* (on brief).

*Opinion of the Court*

COX, Judge:

Tried by general court-martial, the accused was convicted, despite his pleas, of forcible sodomy of a child under the age of 16 years [1] and false swearing, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. The adjudged and approved sentence extends to a dishonorable discharge, confinement for 4 years, and total forfeitures. Finding that defense counsel did not have an opportunity to comment on "new matter" contained in the recommendation of the staff judge advocate, the Court of Military Review ordered a new recommendation and action by the convening authority (Unpub.op., August 25, 1989). After this was accomplished, the court affirmed the findings and sentence in an unpublished opinion dated September 28, 1990.

We granted review of the following issue raised by appellate defense counsel:

WHETHER THE TRIAL COUNSEL COMMITTED PLAIN ERROR BY ARGUING ON SENTENCING THAT THE CONVENING AUTHORITY CHOSE THE MEMBERS TO DO THE "RIGHT THING" AND THAT THE "RIGHT

---

1. The accused pleaded guilty to consensual sodomy. Thus, the single issue before the members as to both offenses was whether force was used.

THING" WAS TO SENTENCE APPELLANT TO A DISHONORABLE DISCHARGE AND LENGTHY CONFINEMENT.

We find no error prejudicial to the rights of the accused and affirm. *See* Art. 59(a), UCMJ, 10 USC § 859(a).

The challenged language occurred during trial counsel's argument on sentencing. Set in context, he argued:

I tell a story and I know Colonel Saynisch has heard it before, but it—I think it fits this scenario and I want to tell it again. As a boy growing up, I grew up in south Arkansas, LA, as we called it, lower Arkansas. My dad had a big garden. It was his garden, but it was always kind of interesting that I was the guy working in the garden. I was the oldest child of four. In those hot summer days dad always said, "Willis, it's time to go out there and weed that garden." I'd have to get that tiller and the hoe or whatever we had at that time and go out and get the weeds out of the garden. Anybody who has ever had a garden knows you've got to keep the weeds out or it robs the nutrients and vitamins and water, the rest of the plants don't grow well. It's hard work and there were a lot of things I'd rather be doing than working in the garden when the temperature is 100 degrees outside, but dad said do it, and I did it.

That's kind of what you've got here in this case. There's probably a lot of things you'd rather be doing right now that sitting here in a court trying to decide what to do with this soldier and how he should be punished. General Graves has selected you. He said, "Be here. Do it. You have good judgment.

I trust you. I know you'll do the right thing."

And the point is of all of this is this soldier is kind of like a weed and if you don't get rid of the weeds in the garden of the Army, it kind of robs the nutrients. It robs the commander's time from the good soldiers. And it just becomes a general bad situation. So I urge you gentlemen, confinement, 5 to 10 years worth, you determine what's appropriate. I'm giving you a reasonable stand, a dishonorable discharge, and total forfeitures....

There was no objection from defense counsel.[2]

Appellate defense counsel argue that trial counsel's remarks "brought the convening authority ... into the members' deliberative process by reminding the members that the convening authority selected them to do this 'right thing' " which they argue meant to impose the sentence selected by trial counsel. They cite in support of their argument—*United States v. Fowle*, 7 USCMA 349, 22 CMR 139 (1956); *United States v. Grady*, 15 MJ 275 (CMA 1983); and *United States v. Schomaker*, 17 MJ 1122 (NMCMR 1984). However, these precedents are inapposite to the facts of this case since they involve introduction of policy directives emanating from higher headquarters which required elimination of servicemembers for certain activities.[3]

The question remains whether mentioning the convening authority by name and rank in this context is error. First, the statement could be read as an exhortation to the members to comply with the reason for their selection by the convening authority. *See* Art. 25(d)(2), UCMJ, 10 USC

2. Defense counsel responded:
Now let me try and bring home something here that I think has been lost on the Government. We're not dealing with a vegetable or a rock. We're talking about a human being. Private Carl Sparrow is no weed in any garden of the Army. He's a human being who has been found guilty of two very serious charges: forcible sodomy and false swearing.
This gives some insight into how the defense counsel considered trial counsel's remarks. It

might be noted that, during the trial, both counsel used rather "homey" analogies to emphasize their points.

3. "SECNAV Instruction," *United States v. Fowle*, 7 USCMA 349, 22 CMR 139 (1956); "Strategic Air Command Drug Rehabilitation Program," *United States v. Grady*, 15 MJ 275 (CMA 1983); "Marine Corps Policy concerning illegal drugs," *United States v. Schomaker*, 17 MJ 1122 (NMCMR 1984).

§ 825(d)(2). The reference to "a lot of things I'd rather be doing ..." parallels "a lot of things you'd rather be doing" and seems to refer to the length of the trial and the heavy responsibility of the members as to punishment. This is also consistent with the statements ascribed to the convening authority, "Be here. Do it." Read in this light the language is harmless surplusage since the members presumably will comply with the oaths they took. It would appear that the military judge and counsel considered trial counsel's remarks thusly since no objection was forthcoming, and the military judge did not see fit to give specific cautionary instructions.[4]

On the other hand the statement is susceptible of the sinister interpretation asserted by appellate defense counsel. Although we believe that it was error to bring the convening authority into trial counsel's sentencing argument,[5] we do not believe that, under the peculiar circumstances of this case, it constituted "plain error." We base this conclusion on several facts: First, defense counsel, who was in the best position to assess the magnitude of the effect of trial counsel's remarks on the members, did not feel compelled to object; second, the military judge, who had presided alertly and competently throughout the trial, did not see fit to intervene; and third, the members adjudged a sentence far less than that sought by trial counsel.[6] Hence, we might, in other circumstances, apply the rule of waiver set out in RCM 1001(g), Manual for Courts–Martial, United States, 1984.

However, because of our "special interest" in the possibility of illegal command influence, we will further examine the statement in the light of the "appearance of evil" which might be present. *See United States v. Thomas*, 22 MJ 388, 397 (CMA 1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1289, 94 L.Ed.2d 146 (1987). Applying this stricter scrutiny, we are "convinced beyond a reasonable doubt" that the accused "received a fair and impartial court-martial and that the outcome of the trial was not unlawfully influenced...." *United States v. Levite*, 25 MJ 334, 341 (CMA 1987) (Cox, J., concurring).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Senior Judge EVERETT concur.

---

4. The military judge instructed the members that
   > argument is not evidence by counsel. It's a means of marshaling the facts as the respect[ive] sides see the facts. You though, as the court members, have got to make your determinations based on the evidence as it was presented to you in open court.

5. *See* RCM 1001(g), Manual for Courts–Martial, United States, 1984.

6. The accused had three punishments under Article 15, Uniform Code of Military Justice, 10 USC § 815, a vacation of suspension, and a bar to reenlistment, all of which were admissible. Even his own witnesses agreed that, though he was a good "field soldier," he was not a good "garrison soldier." Thus, it is doubtful if he would have received any lesser punishment under any circumstances.