UNITED STATES

v.

**Baron C. HORTON, 075 54 9731, Yeoman Seaman (E–3), U.S. Navy.**

**NMCM 91 3279.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 6 Sept. 1991.

Decided 16 Feb. 1993.

Maj G.S. WARNER, USMC, Appellate Defense Counsel.

LCDR A.L. HAIZLIP, JAGC, USNR, Appellate Defense Counsel.

Capt A. DIAZ, USMC, Appellate Government Counsel.

Before FREYER, C.J., and WELCH and MOLLISON, JJ.

FREYER, Senior Judge:

The record reflects that the appellant, attached to Commander, Fleet Activities, Yokosuka, Japan, when not performing

duties elsewhere, was required to remain in the spaces of what is styled the Legal Hold Facility, occupying a portion of the second deck of a multi-storied barracks building, and, when performing duties elsewhere, was required to return directly to the Legal Hold Facility spaces. The record further reflects that the Legal Hold Facility is a subdivision of the Transient Personnel Unit (TPU), which is, in turn, a subdivision of Fleet Activities, Yokosuka.

On three occasions, the appellant, without proper authority, went from the Legal Hold Facility spaces to a TPU smoking lounge on the first deck of the building, remaining there for eleven, seventy-two, and sixty minutes, respectively.

On another occasion, he was assigned to work at the Marine Barracks, located on Fleet Activities, Yokosuka, about a two- or three-minute walk from the barracks building. After completing his assignment, he was instructed to return directly to the Legal Hold Facility. Instead, he stopped en route to converse with a friend and, as a result, arrived twenty-two minutes later than he should have, had he proceeded directly to the Legal Hold Facility.

On another occasion, he was given permission to leave the Legal Hold Facility to attend a discretionary appointment at the Family Services Center, also part of Fleet Activities, Yokosuka. While en route there, he decided to converse with an acquaintance, instead. He returned to the Legal Hold Facility ninety minutes later.

On the basis of each of the foregoing instances of misconduct, the appellant was charged with, pled guilty to, and was found guilty of absence without leave from his place of duty at which he was required to be, in violation of Article 86(3), Uniform Code of Military Justice.

■ It is well established that the place of duty at which required to be, as used in Article 86(3), unlike an *appointed* place of duty, as used in Article 86(1) and (2), is a *general* place of duty analogous to a unit, organization, post, station, base, camp, etc., *United States v. Brown*, 24 C.M.R. 585 (A.F.B.R.1957), *United States v. Bement*, 34 C.M.R. 648 (A.B.R.1964), although it may also be used to refer to a general or a particular place outside an accused's unit, such as a medical facility, or the passenger service desk at an airport to which an accused is required to report for overseas embarkation, so that an unauthorized absence therefrom of long duration may be charged as a more serious offense than a mere failure to go to, or going from, appointed place of duty under Article 86(1) or (2). Because the place of duty at which required to be, as used in Article 86(3), is a general place of duty, a specification alleging it may not be used to charge an accused who, albeit without authority, goes from one place within his or her own unit to another place within the same unit any more than any other part of Article 86(3) may be used for that purpose. *See United States v. Wargo*, 11 M.J. 501 (N.C.M.R. 1981); *cf., United States v. Phillips*, 28 M.J. 599 (N.M.C.M.R.1989).

■ Inasmuch as the appellant pled guilty, however, and each of the absences recited above was of not more than three days' duration, we may apply *United States v. Felty*, 12 M.J. 438 (C.M.A.1982), if we are satisfied that the record establishes a violation of Article 86(1) or (2) for each of the absences improperly charged under Article 86(3). Having carefully examined the record, we are so satisfied. The record being free of error materially prejudicial to the substantial rights of the appellant, the findings of guilty and the sentence, as approved on review below, are affirmed. *United States v. Lowry*, 33 M.J. 1035 (N.M.C.M.R.1991); *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992); *United States v. Graf*, 35 M.J. 450 (C.M.A.1992).

Judge WELCH and Judge MOLLISON concur.