UNITED STATES

v.

Airman First Class Sharon L.
KALLMEYER, United
States Air Force.

ACM S29663.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 4 Feb. 1999.

Decided 23 Jan. 2001.

Appellate Counsel for Appellant: Colonel Jeanne M. Rueth and Major Stephen P. Kelly.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, and Captain Christa A. Cothrel.

Before SCHLEGEL, Senior Judge, ROBERTS, and BRESLIN, Appellate Military Judges.

## OPINION OF THE COURT

SCHLEGEL, Senior Judge:

At a special court-martial, the appellant was found guilty of six specifications of larceny in violation of Article 121, UCMJ, 10 U.S.C. § 921. The approved sentence included a bad-conduct discharge, confinement for 6 months, reduction to E 1, and a fine of $1,000.00. The appellant contends that because automatic forfeitures were imposed on her under Article 58b(a)(1), UCMJ, 10 U.S.C. § 858b(a)(1), the approved sentence exceeds the jurisdictional maximum for a special court-martial in violation of Article 19, UCMJ, 10 U.S.C. § 819, and Rule for Courts–Martial (R.C.M.) 1003(b)(3). We affirm the findings and order sentence relief.

### Background

The appellant first stole money from a unit fund and then stole more money and a credit card from active duty members of her squadron. She used the credit card to obtain goods from commercial entities. The only limitation on punishment in the pretrial agreement she entered into with the convening authority capped the amount of a fine at $1,000.00. At trial, the appellant argued for imposition of a fine. The record of trial indicates the appellant was ineligible to request a waiver of automatic forfeitures. Article 58b(a)(2)(b), 10 U.S.C. § 858b(a)(2)(b).

By court order, we obtained a portion of the appellant's military pay and leave records. These records show the appellant began appellate leave after serving five months of confinement and that automatic forfeitures of two-thirds pay per month, totaling $3,198.00, were collected during the period of confinement. In addition, the appellant's $1,000.00 fine was collected from her military pay over the course of one month.

## Analysis

Article 19 limits a special court-martial to adjudging forfeitures of no more than two-thirds pay per month for a maximum period of six months and gives authority to the President to prescribe any punishment not forbidden by that chapter. In R.C.M. 1003(b)(3), the President limited any fine adjudged in a special court-martial to the total amount of forfeitures that could be adjudged. Article 58b also recognizes this limitation when imposing automatic forfeitures in a special court-martial.

■ A special court-martial sentence may include both a fine and forfeiture so long as the combined total does not exceed the amount of the maximum forfeitures that could be adjudged at such a court. *United States v. Tualla*, 52 M.J. 228, 232 (2000) (citing *United States v. Harris*, 19 M.J. 331 (C.M.A.1985)). Because the Court of Appeals for the Armed Forces was not faced with "whether the combination of a fine and pay forfeited under Article 58b would be subject to either R.C.M. 1003(b)(3) or the jurisdictional limitation on special courts-martial of Article 19," they declined to offer a "definitive interpretation" of the relationship between those provisions. *Id.* at 232. However, in a memorandum opinion involving a special court-martial, the Court held that the "combination of this automatic forfeiture with the fine was lawful because the total 'did not exceed the amount of the maximum forfeitures that could be adjudged.'" *United States v. Hood*, 53 M.J. 214 (2000) (quoting *Tualla*, 52 M.J. at 230). Although automatic forfeitures are classified as an "administra-

tive result" of a court-martial sentence in the Discussion following R.C.M. 1003(b)(2), their effect on an accused has been found to constitute punishment for purposes of the *Ex Post Facto* Clause. *United States v. Gorski*, 47 M.J. 370, 373 (1997). In the case sub judice, the cumulative amount of the fine and automatic forfeitures ($4,198.00) exceeds the maximum forfeitures ($3,837.60) that could have been adjudged at the appellant's court-martial by $360.40.

■ We find that because Article 58b(a)(1) and R.C.M. 1003(b)(3) recognize the limitation on forfeitures imposed by Article 19, it is clear to us that both Congress and the President have each expressed an intent that the maximum monetary punishment an accused faces at a special court-martial as the result of the cumulative effect of the approved sentence and automatic forfeitures is two-thirds pay per month for six months.[1]

We commend to Air Force staff judge advocates and convening authorities the admonition in *Tualla*, 52 M.J. at 232, to pay "careful attention" to special court-martial sentences that include a fine and automatic forfeitures in order to avoid this type of situation. This does not imply that fines should not be approved in special courts-martial when automatic forfeitures are going to be collected during the period of confinement. Rather, it requires staff judge advocates to know the amount of the maximum forfeitures and inform the convening authority on the full range of options before the sentence is approved.

The findings are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. The portion of the sentence which calls for a bad-conduct discharge, confinement for 6 months, reduction to E–1, and a fine in the amount of $639.60, and the findings, are

**AFFIRMED.**

---

1. The Joint Service Committee on Military Justice has published a proposed amendment to the Manual for Courts Martial by adding R.C.M. 1107(d)(5) that would limit a convening authority from approving a special court-martial sentence where the cumulative amount of forfeitures and a fine, adjudged or imposed by operation of Article 58b, exceeds the jurisdictional maximum for that court-martial. *See* 65 Fed.Reg. 30,964 (Notice May 15, 2000).