CRAWFORD, Chief Judge
(concurring in the result):
RCM 1005(e), Manual for Courts-Martial, United States (2000 ed.), requires certain instructions. Nowhere at the time of appellant’s trial did that rule require an instruction to the effect that a punitive discharge creates “an ineradicable stigma.”[1] The *317 same holds true today. In particular, RCM 1005(e)(2) requires members to be instructed that any sentence involving a punitive discharge and confinement, or confinement in excess of 6 months, will have an effect on a servicemember’s entitlement to pay and allowances.[2] If the President had intended that members be instructed that punitive discharges carried a stigma of some type, he would have added it in this section.
In my view, the Court of Criminal Appeals erred when it rejected the contention that the ineradicable stigma instruction was optional. A Department of the Army Pamphlet, albeit a widely respected, constantly used and up-to-date Military Judges’ Bench-book, published by the Secretary of the Army, does not take precedence over a Rule for Court-Martial promulgated by the President.
United States v. Soriano, 20 MJ 337 (CMA 1985), held that a punitive discharge was a severe punishment and court members were to be instructed accordingly. I completely agree. The court members in this case were properly instructed.[3]
The ineradicable stigma instruction found in the Military Judges’ Benchbook addresses the effect of a punitive discharge on one individual (the accused at trial) vis-á-vis all of the servicemembers who do not receive a punitive discharge. It is one thing to instruct court members that a punitive discharge is severe punishment. It is quite another thing to tell court members that an adjudged punitive discharge may have an ineradicable stigma when such may not be the case at all.
This court has frequently emphasized the importance of giving members appropriate instructions. See, e.g., United States v. Greaves, 46 MJ 133 (1997). Instructions that are appropriate must be tailored to the facts of each case and may reflect perceptions as well as developments in social and labor trends. See United States v. Tualla, 52 MJ 228, 233 (2000) (Crawford, C.J., concurring).
Even today, the majority does not hold that the ineradicable stigma instruction is required. They find that the military judge erred by not explaining why he was refusing to give the instruction. While an explanation from the military judge may have been helpful to both the lower court and this Court in reviewing this case, an explanation was not required because the ineradicable stigma instruction, albeit a “standard one,” was not required by RCM 1005(e) or the law of this Court. The onus was on trial defense counsel to justify why such an instruction was appropriate under the facts of this case. As I have said previously, “The forum for initiating a new or different application of facts to existing law is the trial court. The bellwether to bring changed conditions to the forefront should be either the trial or defense counsel.” Id. at 232. Reliance on a 1978 law review article[4] to determine what, if any, stigma is attached to a punitive discharge is no longer justified.

. The instruction which defense counsel sought, but was refused by the military judge, is:
You are advised that the ineradicable stigma of a punitive discharge is commonly recognized by our society. A punitive discharge will place limitations on employment opportunities and will deny the accused other advantages which are enjoyed by one whose discharged characterization indicates that (he)(she) has served honorably. A punitive discharge will affect an accused’s future with regard to (his)(her) legal rights, economic opportunities, and social acceptability.
*317 See Military Judges’ Benchbook at 70 (Dept. of the Army Pamphlet 27-9 (30 Sept. 1996)).

. This provision was not even in effect at the time of appellant’s trial.

. The military judge instructed the members as follows:
You are instructed that a bad-conduct discharge deprives a soldier of virtually all benefits administered by the Veterans' Administration and the Army establishment. A bad-conduct discharge is a severe punishment, and may be adjudged for one who, in the discretion of the court, warrants more severe punishment for bad conduct, even though the bad conduct may not constitute commission of serious offenses of a military or civil nature. In this case, if you determine to adjudge a punitive discharge, you may sentence Private Rush to a bad-conduct discharge; no other type of discharge may be ordered in this case.

. Charles E. Lance, A Criminal Punitive Discharge — An Effective Punishment?, 79 Mil.L.Rev. 1 (1978).