**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**
**Washington, D.C.**

**UNITED STATES**

**v.**

**William E. Gonzalez,**
**Seaman Boatswain's Mate (E-3), U.S. Coast Guard**

**CGCMS 24313**

**Docket No.  1241**

**23 March 2007**

Special Court-Martial convened by Commander, Coast Guard Activities New York.  Tried at Groton, Connecticut, on 27 January 2005.

| | |
|---|---|
| Military Judge: | CDR Stephen P. McCleary, USCG |
| Trial Counsel: | LCDR Luke M. Reid, USCG |
| Defense Counsel: | LTJG James M. Toohey, JAGC, USNR |
| Appellate Defense Counsel: | LT Lynn R. S. Capuano, USCG |
| Assistant Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |

**BEFORE**
**McCLELLAND, CAHILL & TUCHER**
Appellate Military Judges

TUCHER, Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses:  seven specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice (UCMJ); one specification of willfully disobeying a petty officer, in violation of Article 91, UCMJ; two specifications of false official statement, in violation of Article 107, UCMJ; and one specification each of wrongfully using cocaine, wrongfully using marijuana, and wrongfully introducing some amount of cocaine onto an installation used by the armed forces or under the control of an armed force, all in violation of Article 112a, UCMJ.  The military judge sentenced Appellant to a bad-conduct discharge, confinement for four months, reduction to E-1, a fine of two thousand dollars ($2000), and

additional confinement for three months if the fine was not paid. The Convening Authority approved the sentence as adjudged, except for the additional confinement imposed if the fine was not paid, and suspended confinement in excess of 105 days until 27 July 2005, which satisfied the pretrial agreement. The Convening Authority also credited sixty-nine days of pretrial confinement pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984).

Before this Court, Appellant has assigned the following three errors:

I.  Appellant's pleas were improvident because the military judge failed to ensure that Appellant understood the meaning and effect of each condition of the pretrial agreement.

II.  The military judge erred by considering trial counsel's improper argument.

III.  A fine of $2000 is an inappropriately severe sentence when there was no unjust enrichment on the part of the accused and where the sentence also included confinement for four months, reduction to E-1, and a bad-conduct discharge.

Appellant's first assignment is rejected. The military judge erred when he failed to inquire into Appellant's understanding of the provisions contained in the pretrial agreement regarding the potential consequences of future misconduct. We find no evidence, however, that Appellant's pleas were adversely affected by any unexplained provisions or misleading explanations of the pretrial agreement. *See United States v. Gonzalez*, 61 M.J. 633, 636 (C.G.Ct.Crim.App. 2005). We also note that the Government is unable to enforce any of the provisions related to the commission of future misconduct since all suspended portions of the sentence have been remitted.

The third assignment also is rejected. Rule for Courts-Martial (R.C.M.) 1003(b)(3), Manual for Courts-Martial, United States (2005 ed.), provides authority for any court-martial to adjudge a fine in lieu of forfeitures. There is no requirement that an accused be "unjustly enriched" for a fine to be imposed. *United States v. Stebbins*, 61 M.J. 366, 370 (C.A.A.F. 2005). A fine may be lawfully imposed as long as any combination of fines and forfeitures does not exceed the court's jurisdictional authority. *United States v. Tualla*, 52 M.J. 228, 229-30 (C.A.A.F. 2000). We do not find the fine imposed to be inappropriate punishment for Appellant's offense.

We address Appellant's second assignment as well as the sufficiency of Appellant's guilty pleas to two specifications of unauthorized absence below.

**Second Assignment – Trial Counsel's Argument**

Following the Government's sentencing case, Appellant made an unsworn statement that generally described his background, Coast Guard career, pattern of prior drug usage, and personal efforts at treatment and recovery. At the conclusion of his statement, defense counsel asked Appellant "Is there anything else you want to tell the court today?" Appellant responded, "Basically, I'm sorry for my actions. I made the wrong decisions. That's why I'm in front of this courtroom today." (R. at 131.)

During his argument on sentence, trial counsel questioned the genuineness of Appellant's remorse. He specifically emphasized Appellant's failure to direct his apology to his command or to any individual affected by his offenses, which included drug usage and introduction, false statements, disobedience of the unit Master-at-Arms, and multiple absences from assigned duties. He concluded by arguing that Appellant did not "understand the gravity of his actions" and asked for a sentence of confinement for eight months, a bad-conduct discharge, and reduction to E-1. (R. at 133-35.) Defense counsel did not object to trial counsel's argument.

Appellant contends that trial counsel's sentencing argument emphasizing Appellant's failure to apologize to his unit and the Master-at-Arms was prejudicial error in that it was improper argument in aggravation and also "misrepresented" the fact that Appellant in fact had apologized for his offenses. Appellant argues that trial counsel's argument went beyond permissible comment on his rehabilitative potential in that trial counsel urged the military judge to punish Appellant more severely for his failure to apologize. The Government contends that trial counsel's argument properly addressed Appellant's "very short but vague apology" in terms of his lack of rehabilitative potential, in that Appellant did not acknowledge those most affected by his crimes. (Government Br. at 6.)

3

**Discussion**

It is well settled that trial counsel may argue for a sentence based on the evidence of record and all reasonable inferences that may be fairly derived from that evidence. *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000) (*citing United States v. Nelson*, 1 M.J. 235, 239 (C.M.A. 1975)). On appeal we must look at any alleged error within the context of trial counsel's overall argument. *Id.* at 238. Upon proper foundation after findings, trial counsel may comment on an accused's lack of remorse or recalcitrance in refusing to admit his guilt. *United States v. Holt*, 33 M.J. 400, 408 (C.M.A. 1991). "[T]he predicate foundation is that an accused has either testified or has made an unsworn statement and has either expressed no remorse or his expressions of remorse can be arguably construed as being shallow, artificial, or contrived." *United States v. Edwards*, 35 M.J. 351, 355 (C.M.A. 1992). The inference that an accused lacks remorse may not be drawn from his exercise of his fundamental trial rights, including his right to remain silent or his right to plead not guilty. *Id.* In addition, trial counsel can only argue that an accused lacks remorse if that inference "can be fairly derived from evidence before the court-martial." *Id.* at 356.

Because defense counsel did not object to trial counsel's sentencing argument at trial, we will take corrective action only if we find plain error. *United States v. Powell*, 49 M.J. 460 (C.A.A.F. 1998); R.C.M. 905(e). In order for there to be plain error, Appellant must show: (1) there was error; (2) the error was "plain," that is, clear and obvious; and (3) the error materially prejudiced a substantial right of the Appellant. *Id.* at 463-65.

Appellant placed the genuineness of his remorse directly in issue when he apologized during his unsworn statement. Clearly, the defense sought to present Appellant's apology and acceptance of responsibility as evidence of his progress toward rehabilitation. However, Appellant's brief apology was ambiguous as to what he was sorry for. Was he sorry because he expected to suffer punishment as a result of his actions and decisions, or was he sorry because of the impact of his offenses on the unit and on the organization?[1] Certainly, the latter view would

---

[1] During presentencing proceedings, Senior Chief Gorman, the Master-at-Arms at Coast Guard Activities New York, testified for the Government that Appellant's chronic tardiness and unauthorized absences, and his unjustified refusal to follow Senior Chief Gorman's orders in front of petty officers and new recruits, negatively impacted unit discipline and undermined his authority. (R. at 113-18.)

seem to present a more persuasive example of true moral conversion and therefore greater potential for successful rehabilitation. Accordingly, we think that the Government was entitled, within the bounds of fair play, to comment on the apparent shallowness of Appellant's apology to the extent that it was brief and not directed to any particular person, organization, or entity that was impacted by his offenses. *See Edwards*, 35 M.J. at 355. Moreover, having thoroughly reviewed trial counsel's argument in context, we are satisfied that there was no attempt to misrepresent the fact of Appellant's apology – indeed, trial counsel acknowledged it at the very beginning of his sentencing argument.

Appellant, however, also contends that trial counsel's argument that "he really needs to understand the gravity of his actions, and I don't think that's occurred to date" (R. at 134) – in effect, that Appellant should be punished because of his insincere apology and lack of remorse – phrased the matter as an aggravating circumstance rather than as a proper argument bearing on Appellant's rehabilitative potential. We commented on a somewhat similar argument in *United States v. Weddle*, 61 M.J. 506, 511 (C.G.Ct.Crim.App. 2004), as follows:

> [Trial counsel's] argument is not necessarily a statement that one should be punished for the act of failing to accept responsibility. It can be considered a statement that the crime in the first instance deserves punishment and if you don't accept responsibility you forfeit the consideration of rehabilitative potential.

The same logic applies in the instant case. In short, we cannot agree that trial counsel's words should be construed as an improper invitation to the military judge to sentence Appellant for the act of failing to apologize, rather than as fair comment on his failure to demonstrate his potential for rehabilitation through a genuine expression of remorse and acceptance of responsibility. Moreover, we note that trial defense counsel, who occupies the "best position to assess the magnitude of the effect of trial counsel's remarks," did not consider trial counsel's argument serious enough to warrant raising an objection. *United States v. Sparrow*, 33 M.J. 139, 141 (C.M.A. 1991). We find no error.

### Sufficiency of Specifications Alleging Unauthorized Absence

Although not raised by Appellant, we next consider whether the record is factually sufficient to establish that Appellant violated Article 86, UCMJ, as charged in Charge I, Specification 1. The specification alleges that on or about 24 August 2004 Appellant absented

himself from his place of duty at USCG Activities New York, Unaccompanied Personnel Housing Unit, Staten Island, New York, and remained absent until on or about 25 August 2004. The providence inquiry and stipulation of fact revealed that on 24 and 25 August 2004, Appellant knew that he was required to be present at morning muster but failed to show up because he overslept in his room at the UPH unit. (R. at 27, 57-58; Prosecution Ex. 1 at 2.) The record does not establish that Appellant left the confines of Activities New York during the period of unauthorized absence.

Article 86, UCMJ, Absence without leave, provides:

Any member of the armed forces who, without authority –
(1) fails to go to his appointed place of duty at the time prescribed;
(2) goes from that place; or
(3) absents himself or remains absent from his unit, organization, or place of duty
at which he is required to be at the time prescribed;
shall be punished as a court-martial may direct.

It is well settled that the words "place of duty" as used in Article 86(3), UCMJ, do not have the same meaning as the same words in the context of Article 86(1) and 86(2), UCMJ. A "place of duty" under Article 86(3) means a "general place of duty exemplified by the words unit, organization, camp, post, command, base or quarters, while sections (1) and (2) of UCMJ, Article 86 contemplate[ ] specifically appointed places such as a ship compartment or other precise location." *United States v. Scardina*, 18 M.J. 571, 572 (N.M.C.M.R. 1984); *see also United States v. Moore*, 27 C.M.R. 909, 911-12 (C.G.B.R. 1958); *United States v. Sears*, 22 C.M.R. 744, 747 (C.G.B.R. 1956); *United States v. Horton*, 36 M.J. 1039, 1040 (N.M.C.M.R. 1993). In this case, Appellant admitted that he failed to go at the appointed time to his morning muster on successive days – 24 and 25 August 2004 – because he overslept in his room at the UPH unit. Because Article 86(3) describes a general place of duty, "a specification alleging it may not be used to charge an accused who, albeit without authority, goes from one place within his or her own unit to another place within the same unit . . . ." *Horton*, 36 M.J. at 1040. Appellant's admissions are irrelevant for purposes of establishing an unauthorized absence under Article 86(3), UCMJ, as there is no indication that he ever left his general place of duty – Activities New York. Accordingly, Appellant's conviction of unauthorized absence cannot be sustained on the facts established in this record.

We next consider whether we may apply *United States v. Felty*, 12 M.J. 438, 442 (C.M.A. 1982), and affirm a finding of guilty to a closely-related offense. Having carefully reviewed the record, we are satisfied that Appellant understood the words "place of duty" in the precise sense described under Article 86(1) – failure to go to appointed place of duty – even though the offense was erroneously charged as unauthorized absence under Article 86(3). We also are convinced that Appellant knew he had a duty to be at morning muster at the time and place prescribed – 0730 on 24 and 25 August 2004 at the UPH unit – and that he believed he was guilty of a violation of Article 86(1). In addition, the providence inquiry objectively supports a conviction of this offense. We find no reason to believe that the variance in the pleading impaired Appellant's ability to prepare for trial, or exposed him to the threat of double punishment. Finally, we note that the absence alleged was less than three days duration, so that the maximum punishment authorized for a violation of Article 86(1) or 86(3) was the same. *See Scardina*, 18 M.J. at 572; *Horton*, 36 M.J. at 1040; *but cf. United States v. Smith*, 37 M.J. 583, 587 (N.M.C.M.R. 1993). Accordingly, we affirm Appellant's conviction under Article 86(1), UCMJ.

Applying similar reasoning, we also affirm Appellant's conviction of Charge I, Specification 6. The specification alleges that on or about 22 October 2004, Appellant absented himself from his place of duty at USCG Activities New York Galley, Staten Island, New York, and did not return until on or about 24 October 2004. The record reveals that Appellant, apparently with permission, left his work station at the galley to go to lunch but failed to return as he knew he was required to do until the morning of 24 October 2004. Appellant admitted that during the period of his absence he was sleeping in his room, and that he did not leave the confines of Activities New York. The record contains no indication that Appellant was absent from a general "place of duty" within the meaning of Article 86(3) – i.e., a "general place of duty exemplified by the words unit, organization, camp, post, command, base or quarters." *Scardina*, 18 M.J. at 572. Applying the same factors from the analysis above under *United States v. Felty*, however, we find that the record establishes a violation of Article 86(1), failure to go to an appointed place of duty – namely, USCG Activities New York Galley, Staten Island, New York, on 22 October 2004. Finding no prejudicial error as a result of the mispleaded specification, we affirm Appellant's conviction under Article 86(1), UCMJ.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.

Chief Judge MᶜCLELLAND and Judge CAHILL concur.



For the Court,


Jane R. Lim
Clerk of the Court