UNITED STATES, Appellant

v.

Christopher A. QUICK, Sergeant
U.S. Marine Corps, Appellee

No. 15-0347

Crim. App. No. 201300341

United States Court of Appeals for the Armed Forces

Argued May 12, 2015

Decided August 11, 2015

ERDMANN, C.J., delivered the opinion of the court, in which
RYAN, J., joined.  BAKER, J., filed a separate concurring
opinion.  STUCKY, J., filed a separate dissenting opinion, in
which OHLSON, J., joined.

Counsel

For Appellant:  Lieutenant James M. Belforti, JAGC, USN
(argued); Colonel Mark K. Jamison, USMC, Captain Matthew M.
Harris, USMC, and Brian K. Keller, Esq. (on brief).

For Appellee:  Captain David A. Peters, USMC (argued); Captain
Daniel Douglass, USMC.

Amicus Curiae for Appellant:  Gerald R. Bruce, Esq. (on brief)
-- for the United States Air Force Appellate Government
Division; Lieutenant Commander A. M. Lee (on brief) -- for the
United States Coast Guard Appellate Government Division.

Amicus Curiae for Appellee:  Brian L. Mizer, Esq. (on brief) --
for the United States Air Force Appellate Defense Division.

Military Judge:  Chris Thielemann


**This opinion is subject to revision before final publication.**

Chief Judge ERDMANN delivered the opinion of the court.

Contrary to his pleas, Sergeant Christopher A. Quick was convicted by a panel of officer and enlisted members, sitting as a general court-martial, of conspiracy to distribute an indecent visual recording, wrongfully viewing an indecent visual recording, and indecent conduct, in violation of Articles 81, 120c, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 920c, 934 (2012). Quick was sentenced to a bad-conduct discharge, six months of confinement, and a reduction to E-3. The convening authority approved the sentence as adjudged. In a published decision, the United States Navy-Marine Corps Court of Criminal Appeals (NMCCA) set aside Quick's conviction for wrongfully viewing an indecent visual recording and, finding that the penalty landscape had dramatically changed, ordered a sentencing rehearing. United States v. Quick, 74 M.J. 517, 519, 524 (N-M. Ct. Crim. App. 2014). As a result of the remand for a sentence rehearing, the Judge Advocate General of the Navy has asked this court whether Courts of Criminal Appeals (CCAs) have the legal authority to order sentence-only rehearings under Article 66(d), UCMJ, 10 U.S.C. § 866(d) (2012).[1] In view of this court's long-standing

---

[1] The government certified the following issue pursuant to Article 67(a)(2):

United States v. Quick, No. 15-0347/MC

precedent on this issue and the doctrine of stare decisis, we

affirm the decision of the NMCCA.

## Discussion

Neither the substantive offenses nor the facts below are at

issue in this appeal.  The underlying issue is whether Article

66(d), UCMJ, authorizes the CCAs to order sentence-only

rehearings.  The government argues that the CCAs do not have

that authority and asks that we overrule this court's decision

in United States v. Miller, 10 C.M.A. 296, 27 C.M.R. 370 (1959),

in which we specifically recognized the authority of the CCAs to

order sentence-only rehearings.  The government asserts that

Miller was wrongly decided in light of Jackson v. Taylor, 353

U.S. 569 (1957).  The government further argues that under the

plain language of Article 66(d), UCMJ, if a CCA orders a

rehearing, it must do so for both the finding(s) which were set

aside and the sentence.  It cannot order a sentence-only

---

Whether precedent authorizing Courts of Criminal
Appeals to order sentence-only rehearings should be
overruled based on: (A) Jackson v. Taylor, 353 U.S.
569 (1957), which stated "no [such] authority" exists;
(B) the plain language of the statute including the
conjunctive "findings and sentence" in Article 66(d)
in contrast to authority granted the Judge Advocates
General in Article 69(a) to act with respect to
"findings or sentence or both" and the convening
authority in Article 60(f)(3) to order sentence
rehearings; and (C) judicial economy.

United States v. Quick, 74 M.J. 223 (C.A.A.F. 2015)
(docketing notice).

rehearing. The government goes on to argue that, if Congress had intended to grant the CCAs the authority to order sentence-only rehearings, it would have amended Article 66(d), UCMJ, in the same manner it amended Article 69, UCMJ, in the Military Justice Act of 1983, which extended that authority to the Judge Advocates General.[2]

Quick counters that Miller was correctly decided, that the plain language of Article 66, UCMJ, supports the CCA's power to order sentence-only rehearings and that, in any event, this court should continue to follow Miller under the doctrine of stare decisis. While Quick also relies on the plain language of

---

[2] The government also argues that Congress extended the authority to order sentence-only rehearings to convening authorities in the Military Justice Act of 1983 by amending Article 60, UCMJ. While that authority was inserted into Article 60(e)(3) in the 1983 amendments, the authority already existed. The Senate Report that accompanied the Military Justice Act of 1983 explained that the substantive rules governing a convening authority's power to order a rehearing were taken from the then existing version of Article 63(a) which stated, "If the convening authority disapproves the findings and sentence of a court-martial he may, except where there is lack of sufficient evidence in the record to support the findings, order a rehearing." S. Rep. No. 98-53, at 51 (1983). As explained in the Senate Report, Article 63(a) was "implemented by paragraph 92a of the Manual for Courts-Martial (rev. ed. 1969)," id. at 27, which specifically stated, "In addition to having the power . . . to order a rehearing in full . . . , the convening authority or a reviewing authority may order a rehearing on the sentence only based on the sustained findings [Article](81b(2))." Manual for Courts-Martial, United States, para. 92.a., at 18-1 (1969 rev. ed.) (MCM). Therefore, Congress considered that the amendments to Article 60(e) in 1983 "continue[d preexisting] authority for the convening authority to order . . . a rehearing on the sentence only based upon approved findings." S. Rep. No. 98-53, at 21.

Article 66(d), UCMJ, in his statutory construction argument he primarily relies on 1 U.S.C. § 1, which provides that "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise . . . words importing the plural include the singular . . . ." Quick argues that since the term "findings" in Article 66(d) can be read as "finding," the statute authorizes rehearings when the CCA sets aside "a finding and sentence."

The process for first-level appellate review of court-martial convictions is encompassed within Article 66, UCMJ. Subsection (d) of Article 66 addresses the scope of the CCA's authority to order rehearings:

> If the Court of Criminal Appeals sets aside the findings and sentence, it may, except where the setting aside is based on lack of sufficient evidence in the record to support the findings, order a rehearing. If it sets aside the findings and sentence and does not order a rehearing, it shall order that the charges be dismissed.

Jackson v. Taylor:

In 1957, the Supreme Court decided Jackson, which addressed the options available to boards of review (now the Courts of Criminal Appeals) when a sentence has been set aside. 353 U.S. at 570-71. Jackson and two other soldiers had been convicted at a general court-martial of premeditated murder and attempted rape and all three were sentenced to life in prison. Id. The findings and sentences were approved by the convening authority.

5

United States v. Quick, No. 15-0347/MC

Id. at 571. On appeal, however, the United States Army board of review set aside the convictions for premeditated murder and affirmed only the convictions for attempted rape. Id. at 570-71. The board then modified the sentences and held that "only so much of the approved sentence as provides for dishonorable discharge, total forfeitures, and confinement at hard labor for 20 years is correct in law and fact." Id. at 570. The three soldiers sought review from this court (at that time the United States Court of Military Appeals), but did not challenge the authority of the board of review to modify the sentences. Id. at 571-72. The petitions were summarily denied. Id. (citing United States v. Fowler, 2 C.M.R. 336 (A.B.R. 1952)).

The three soldiers were confined in different federal prisons and each appealed to the appropriate federal district court through writs of habeas corpus, challenging the board's power to modify the sentences. Id. at 572. The district courts arrived at conflicting decisions as did the respective Circuit Courts of Appeal.[3] Id. Relying on Article 66(c), the Supreme Court held that "[t]he board may 'affirm . . . such part or

---

[3] The United States Court of Appeals for the Seventh Circuit held that the board of review did not have the power to modify the sentence while both the United States Courts of Appeals for the Third and Fifth Circuits held it possessed that authority. See DeCoster v. Madigan, 223 F.2d 906, 910 (7th Cir. 1955), overruled by 353 U.S. at 569; Jackson v. Taylor, 234 F.2d 611, 614 (3d Cir. 1956), aff'd, 353 U.S. at 569; Wilkinson v. Fowler, 234 F.2d 615 (5th Cir. 1956), aff'd, 353 U.S. at 569.

amount of the sentence, as it finds correct . . . .' That is precisely what the review board did here." Id. at 576 (alterations in original) (citation omitted). Having determined that the board of review had the authority to alter the sentence, the Supreme Court turned to Jackson's argument that the board was required to return the case to the convening authority for a sentence rehearing. Although it did not specifically reference Article 66(d), UCMJ, the Supreme Court summarily dispensed with this argument:

> We find no authority in the Uniform Code for such a procedure and the petitioner points to none. The reason is, of course, that the Congress intended that the board of review should exercise this power. This is true because the nature of a court-martial proceeding makes it impractical and unfeasible to remand for the purpose of sentencing alone. See United States v. Keith, 1 U.S.C.M.A. 442, 451, 4 C.M.R. 34, 43 (1952).

Jackson, 353 U.S. at 579 (footnote omitted).

United States v. Miller:

In 1959 this court decided Miller, which considered whether the boards of review had the legal authority to order sentence-only rehearings. 10 C.M.A. at 298, 27 C.M.R. at 372. The board of review in Miller set aside a finding and ordered a sentence-only rehearing. Id. at 297, 27 C.M.R. at 371. The Judge Advocate General of the Army then asked this court whether the board of review had exceeded its authority in light of the Supreme Court's holding in Jackson. Id.

7

United States v. Quick, No. 15-0347/MC

The Miller court reviewed its precedent as to the authority of boards of review to order rehearings and noted that it had, without exception, upheld the power of the boards to order sentence-only rehearings.[4] Id. at 299, 27 C.M.R. at 373. The court addressed the Jackson decision, id. at 298, 27 C.M.R. at 372, and noting that the Supreme Court had "purported to rely on the holdings of this Court,"[5] found that:

> [w]hile it is true we have generally returned cases to boards of review because sending them to the trial level is rather cumbersome in that a new court must be assembled and informed on the facts, there are some cases in which the latter disposition is preferable and, as indicated, our decisions approving this limited form of relief are found in the reported cases. Accordingly, we are led to believe that in Jackson v Taylor, supra, the Supreme Court was merely pointing out some of the difficulties which prompted Congress to authorize reassessment of the sentence by a board of review and that it was not intending to say the power to order the limited rehearing was not impliedly granted by Articles 66 and 67 of the Code. Accordingly, we reaffirm our previous holdings that a case may be returned to a court-martial for rehearing on sentence only.

Id. at 299, 27 C.M.R. at 373.

As recognized by both parties, when this court considers a request to overrule a prior decision of the court, we analyze the matter under the doctrine of stare decisis. The doctrine of

---

[4] Between the effective date of the UCMJ and the Jackson decision, this court had recognized or affirmed the power of the boards of review to order sentence-only rehearings in at least four cases, but did not discuss the language of Article 66(d). See Appendix.

[5] The Supreme Court in Jackson cited United States v. Keith, 1 C.M.A. 442, 451, 4 C.M.R. 34, 43 (1952). 353 U.S. at 579.

stare decisis is "most compelling where courts undertake statutory construction." United States v. Rorie, 58 M.J. 399, 406 (C.A.A.F. 2003).

> When considering whether to overrule a precedent, we are guided by the doctrine of stare decisis. Under this fundamental principle, adherence to precedent "is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." Payne v. Tennessee, 501 U.S. 808, 827 (1991).
>
> Stare decisis is a principle of decision making, not a rule, and need not be applied when the precedent at issue is "unworkable or . . . badly reasoned." Id. As a general matter, however, "adhering to precedent 'is usually the wise policy, because in most matters it is more important that the applicable rule of law be settled than it be settled right.'" Id. (quoting Burnet v. Colorado Oil & Gas Co., 285 U.S. 393, 406 (1932) (Brandeis, J., dissenting).

United States v. Tualla, 52 M.J. 228, 231 (C.A.A.F. 2000).

> Under the doctrine of stare decisis a decision should not be overruled without examining intervening events, reasonable expectations of servicemembers, and the risk of undermining public confidence in the law. Florida Department of Health and Rehabilitative Services v. Florida Nursing Home Ass'n, 450 U.S. 147, 151-55 (1981) (Stevens, J., concurring).

United States v. Boyett, 42 M.J. 150, 154 (C.A.A.F. 1995).

For purposes of our analysis under the doctrine of stare decisis, therefore, we do not limit our review to whether Miller was wrongly decided, but rather we examine:  whether the prior

United States v. Quick, No. 15-0347/MC

decision is unworkable or poorly reasoned;[6] any intervening

events; the reasonable expectations of servicemembers; and the

risk of undermining public confidence in the law.

Workability and Reasoning:

As noted in Miller, sending a case to CCAs for a sentence-only rehearing is somewhat cumbersome, as a new court must be assembled and informed of the facts. 10 C.M.A. at 299, 27 C.M.R. at 373. However, a process that is cumbersome does not equate to a process that is unworkable. The very fact that the CCAs have been ordering sentence-only rehearings for over sixty years demonstrates the workability of the process. That workability is further illustrated by paragraph 92.a. of the 1969 MCM which authorized a convening authority to order a sentence-only rehearing and the 1983 statutory expansion of the authority to order sentence-only rehearings to the Judge Advocates General -- changes made with the participation and support of the government.[7] We do not believe that the executive

_____

[6] Cf. Johnson v. United States, 192 L. Ed. 2d 569, 584 (2015) ("The doctrine of stare decisis allows us to revisit an earlier decision where experience with its application reveals that it is unworkable.").

[7] Department of Defense General Counsel William H. Taft IV provided testimony to both the Senate and House hearings in support of the Military Justice Act of 1983 and noted that the Courts of Military Review (now the CCAs) already possessed the authority to order sentence rehearings. See S. Rep. No. 98-53, at 1; Hearing on S. 974 before the Military Personnel and Compensation Subcomm. of the Comm. on Armed Services, 98th Cong. 38 (1983) (statement of Hon. William H. Taft, General Counsel of the Department of Defense). Both the Senate and House Committee

10

branch would itself adopt, and also request Congress to adopt, an unworkable procedure.  Indeed, the jurisprudence that has developed since Miller has established guidelines as to when it is appropriate for a CCA to remand a case for a sentence rehearing and when it is appropriate for a CCA to reassess the sentence at the appellate level.[8]  Consequently, there is nothing that has been submitted to this court which demonstrates that the Miller process is unworkable.

As to whether the Miller decision was poorly reasoned, both parties have presented valid arguments supporting their respective positions.  However, we note that the Miller court directly addressed the Jackson decision and provided an explanation for its interpretation of that decision.  We do not believe that Miller was so poorly reasoned that it should be reversed on that basis alone, particularly when it has been accepted by and relied upon by both the legislative and executive branches of government in the intervening years.

---

Reports on S. 974 recognized that the Courts of Military Review possessed the authority to order sentence rehearings at that time.  See S. Rep. No. 98-53, at 29; H.R. Rep. No. 98-549, at 16.

[8] See, e.g., United States v. Winckelmann, 73 M.J. 11, 14-16 (C.A.A.F. 2013); United States v. Moffeit, 63 M.J. 40, 43-44 (C.A.A.F. 2006) (Baker, J., concurring in the result); United States v. Buber, 62 M.J. 476, 480 (C.A.A.F. 2006); United States v. Doss, 57 M.J. 182, 184-86 (C.A.A.F. 2002); United States v. Sales, 22 M.J. 305, 307 (C.M.A. 1986).

United States v. Quick, No. 15-0347/MC

Intervening Events:

As noted, in the Military Justice Act of 1983, Congress amended Article 69, UCMJ, to grant authority to the Judge Advocates General to order sentence-only rehearings. Congress did not take that opportunity to amend Article 66(d) to grant similar authority to the CCAs.[9] The government, while recognizing that legislative inaction does not necessarily reflect legislative intent, goes on to assert that Congress's "refusal" to grant the CCAs the same statutory authority could be seen as evidence of congressional intent not to grant the CCAs the same power. They further suggest that such a failure by the legislature could constitute an intervening event for purposes of a stare decisis analysis.

The legislative history of the 1983 amendments, however, does not support such a conclusion. The amendments were endorsed by the Department of Defense and the Department's testimony recognized that the Courts of Military Review already possessed that authority. Moreover, as noted above, the language supporting the government's position that the CCAs had

---

[9] While Article 66, UCMJ, has been amended numerous times since its passage, Article 66(d), UCMJ, has only been amended twice, both times to change the name of the intermediate military court. See National Defense Authorization Act for Fiscal Year 1995, Pub. L. No. 103–337, 108 Stat. 2663; Military Justice Act of 1968, Pub. L. No. 90–632, 82 Stat. 1335.

12

this power was largely adopted by Congress.[10]  In view of the government's position and congressional recognition that the CCAs possessed that authority at the time, there would be no reason for Congress to take legislative action.  The Military Justice Act of 1983 does not constitute an intervening event for purposes of stare decisis.

Reasonable Expectations of Servicemembers:

While it is difficult to quantify the expectations of servicemembers in regard to the authority of the CCAs to order sentence-only rehearings, in the over sixty years of this court's consistent interpretation, Miller has become an established component of the military justice system.  See Appendix (non-exhaustive list of cases explicitly or implicitly affirming sentence-only rehearings).  In the almost seventy cases identified by this court, at least nine have discussed the CCA's power to varying degrees.[11]

---

[10] See supra note 7.

[11] See United States v. French, 10 C.M.A. 171, 185, 27 C.M.R. 245, 259 (1959); United States v. Christopher, 13 C.M.A. 231, 234, 32 C.M.R. 231, 234 (1962); Sales, 22 M.J. at 307; United States v. Jones, 39 M.J. 315, 317 (C.M.A. 1994); United States v. Boone, 49 M.J. 187, 194 (C.A.A.F. 1998); United States v. Murphy, 50 M.J. 4, 16 (C.A.A.F. 1998); United States v. Sills, 56 M.J. 239, 239 (C.A.A.F. 2002); United States v. Gaskins, 72 M.J. 225, 231 (C.A.A.F. 2013); Winckelmann, 73 M.J. at 14.

Of particular note are Sills and Winckelmann. In Sills, the United States Air Force Court of Criminal Appeals (AFCCA) set aside the appellant's conviction for committing an indecent act. 56 M.J. at 239. Citing legislative history and the Supreme Court's decision in Jackson, however, the AFCCA determined it was without power to order a sentence-only rehearing. Id. We reversed the AFCCA, finding that the court "did not take into account this Court's contrary, controlling interpretation of Jackson." Id. In making our determination, we noted that this court's position on Jackson had been unchanged for over four decades and that the power of the CCAs to order sentence-only rehearings had been recognized by both the executive and legislative branches of government. Id. at 240.

Winckelmann included an issue as to whether the CCA abused its authority when it failed to order a sentence rehearing. 73 M.J. at 13. In considering the issue, this Court again addressed the Supreme Court's holding in Jackson:

> Although Jackson conclusively established the review board's authority to reassess sentences in appropriate cases, in light of certain dicta in Jackson, a certain amount of confusion arose as to the authority of the board of review to order a rehearing on the sentence alone. However, what confusion that might have arisen as a result of the dicta in Jackson was resolved by this Court in United States v. Miller. The Miller court discussed Jackson and reaffirmed that "a rehearing limited to sentence alone may be an appropriate and permissive remedy for the cure of errors not affecting findings."

14

United States v. Quick, No. 15-0347/MC

> This consistent practice has stood since 1959 without
> legislative amendment by Congress.

Winckelmann, 73 M.J. at 14 (footnote and internal citations omitted).[12]

Risk of Undermining Public Confidence:

The Supreme Court has held that stare decisis "is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." Payne v. Tennessee, 501 U.S. 808, 827 (1991); see also Tualla, 52 M.J. at 231. As noted, the Miller rule has been in effect for over sixty years and during that time has become accepted procedure in the military justice system. It has provided a predictable and consistent appellate remedy for both litigants and the lower courts to follow.

The executive branch has acknowledged the viability of the Miller ruling when it extended the same authority to convening authorities in the 1969 MCM, and also when it supported Congress's extension of that authority to the Judge Advocates

---

[12] The Winckelmann court, however, was divided on this issue. See 73 M.J. at 17 (Stucky, J., concurring in the result) ("Despite the clear language of Jackson, this Court has refused to follow it."); id. at 17-18 (Ryan, J., concurring in the result) ("I agree with Judge Stucky that the Jackson v. Taylor language about rehearing on sentence alone is neither confusing nor a mere dictum.") (internal quotation marks and citations omitted).

United States v. Quick, No. 15-0347/MC

General in 1983.  The President has also specifically recognized the CCA's power to order sentence-only rehearing in several provisions of the Rules for Courts-Martial (R.C.M.).  See R.C.M. 810(a)(2); R.C.M. 1203(c)(2).

## Conclusion

In the more than six decades since the adoption of the UCMJ, this court has consistently interpreted Article 66(d), UCMJ, to authorize CCAs to order sentence-only rehearings. During that time the substantive language of the subsection has not changed and the government has recognized that the CCAs have the authority to order sentence-only rehearings, both before Congress and this court.  The ability of CCAs to order sentence-only rehearings is an accepted and viable appellate remedy and is relied upon by all litigants in the military justice system. The government has failed to establish sufficient justification to depart from the doctrine of stare decisis.  See Arizona v. Rumsy, 467 U.S. 203, 212 (1984) (any departure from the doctrine of stare decisis demands special justification).

## Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

Appendix

- United States v. Murgaw, 2 C.M.A. 369, 371, 8 C.M.R. 169, 171 (1953) (setting aside the sentence in part but "declin[ing] to exercise [the Court's] power to order a rehearing") (Quinn, C.J., concurring) (Latimer, J., dissenting in part).

- United States v. McBride, 6 C.M.A. 430, 435, 20 C.M.R. 146, 151 (1955) (affirming the decision of board of review as to sentence but reversing as to findings and directing a rehearing as to sentence) (Quinn, C.J., concurring) (Brosman, J., concurring in part and dissenting in part).

- United States v. Johnson, 7 C.M.A. 488, 494, 22 C.M.R. 278, 284 (1957) (setting aside the findings of guilty of desertion and the sentence and authorizing a rehearing on the sentence) (Ferguson, J., concurring) (Latimer, J., dissenting).

- United States v. Oakley, 7 C.M.A. 733, 736, 23 C.M.R. 197, 200 (1957) (affirming the decision of the board of review with regard to guilty findings but setting aside the sentence and authorizing a rehearing thereon) (Ferguson, J., concurring) (Latimer, J., concurring in part and dissenting in part).

- United States v. Guy, 8 C.M.A. 66, 67, 23 C.M.R. 290, 291 (1957) (setting aside the sentence and ordering the record returned for submission to an appropriate court-martial convening authority for rehearing on sentence) (Ferguson, J., concurring) (Latimer, J., concurring in part and dissenting in part).

- United States v. Rinehart, 8 C.M.A. 402, 410, 24 C.M.R. 212, 220 (1957) (reversing decision below as to sentence and authorizing a rehearing thereon) (Quinn, C.J., concurring) (Latimer, J., dissenting).

- United States v. Hirrlinger, 8 C.M.A. 716, 718, 25 C.M.R. 220, 222 (1958) (finding error as to sentence and authorizing a rehearing thereon) (Quinn, C.J., concurring) (Ferguson, J., concurring in the result).

- United States v. Lowe, 9 C.M.A. 215, 215, 25 C.M.R. 477, 477 (1958) (setting aside the decision of the board of review as to sentence and authorizing rehearing thereon)

(Ferguson, J., concurring) (Latimer, J., concurring in the result).

- United States v. Varnadore, 9 C.M.A. 471, 476, 26 C.M.R. 251, 256 (1958) (reversing the decision below as to sentence and authorizing rehearing thereon) (Ferguson, J., concurring) (Latimer, J., dissenting).

- United States v. Faylor, 9 C.M.A. 547, 548, 26 C.M.R. 327, 328 (1958) (reversing the decision below and authorizing a rehearing as to sentence) (Quinn, C.J., concurring) (Latimer, J., concurring in the result).

- United States v. Miller, 10 C.M.A. 296, 299, 27 C.M.R. 370, 373 (1959) (affirming the authority under then Article 66(d), UCMJ, for a board of review body to order a sentence rehearing).

- United States v. Crutcher, 11 C.M.A. 483, 484, 29 C.M.R. 299, 300 (1960) (setting aside the sentence and authorizing reconsideration thereof) (Ferguson, J., concurring) (Latimer, J., dissenting).

- United States v. Spellman, 11 C.M.A. 505, 505, 29 C.M.R. 321, 321 (1960) (setting aside the sentence and returning the record of trial for reconsideration thereof) (Ferguson, J., concurring) (Latimer, J., dissenting).

- United States v. Pope, 11 C.M.A. 520, 520, 29 C.M.R. 336, 336 (1960) (setting aside decision of the board of review as to sentence and returning the record of trial for reconsideration thereof) (Ferguson, J., concurring) (Latimer, J., dissenting).

- United States v. Kitchens, 12 C.M.A. 589, 594, 31 C.M.R. 175, 180 (1961) (setting aside sentence for unlawful command influence and authorizing the board of review to reassess the sentence by eliminating a punitive discharge or order sentence rehearing).

- United States v. Smith, 12 C.M.A. 594, 595, 31 C.M.R. 180, 180 (1961) (setting aside the sentence for possible unlawful command influence and authorizing sentence rehearing) (Ferguson, J., and Kilday, J., concurring).

- United States v. Barrett, 12 C.M.A. 598, 598, 31 C.M.R. 184, 184 (1961) (setting aside the sentence for possible unlawful command influence and authorizing rehearing on sentence) (Ferguson, J., and Kilday, J., concurring).

- United States v. Rosenblatt, 13 C.M.A. 28, 29, 32 C.M.R. 28, 29 (1962) (setting aside the decision of board of review as to sentence and authorizing a rehearing thereon) (Ferguson, J., and Kilday, J., concurring).

- United States v. Christopher, 13 C.M.A. 231, 234, 32 C.M.R. 231, 234 (1962) (affirming the authority of the board of review, upon reassessment, to affirm a previously adopted sentence or to remand an appropriate case for a rehearing on sentence, but declining to hold that a board is required to direct a rehearing on sentence in all such cases) (Quinn, C.J., concurring) (Ferguson, J., concurring in part and dissenting in part).

- United States v. Pope, 17 C.M.A. 156, 157, 37 C.M.R. 420, 421 (1967) (setting aside the sentence and authorizing a rehearing thereon) (Quinn, C.J., and Ferguson, J., concurring).

- United States v. Smith, 22 C.M.A. 528, 529, 48 C.M.R. 13, 14 (1973) (per curiam) (setting aside the decision below as to sentence and authorizing a rehearing thereon).

- United States v. Sidney, 23 C.M.A. 185, 185, 48 C.M.R. 801, 801 (1974) (per curiam) (reversing the decision below as to Charge I, dismissing the attendant specifications, and authorizing rehearing on sentence for remaining findings).

- United States v. Miller, 1 M.J. 357, 358 (C.M.A. 1976) (per curiam) (reversing the decision below as to sentence and authorizing a rehearing thereon).

- United States v. Willis, 3 M.J. 94, 96 (C.M.A. 1977) (setting the sentence aside and authorizing a rehearing thereon) (Fletcher, C.J., concurring) (Cook, J., dissenting).

- United States v. Landrum, 3 M.J. 160, 160 (C.M.A. 1977) (summary disposition) (setting aside the sentence and stating that, "[i]n the interests of justice, no further proceedings will be held," although "a new hearing on sentence could be ordered").

- United States v. James, 3 M.J. 341, 341 (C.M.A. 1977) (summary disposition) (reversing the findings below in part and authorizing a sentence rehearing based on remaining guilty findings).

3

- United States v. Cummings, 3 M.J. 377, 377 (C.M.A. 1977) (misc. docket) (reversing the decision below, dismissing Charge IV and its specifications, and returning the case for reassessment of the sentence).
- United States v. Roberts, 4 M.J. 91, 91 (C.M.A. 1977) (reversing the decision below as to one specification, dismissing that specification, and authorizing reassessment of the sentence) (Cook, J., concurring).
- United States v. Chastain, 4 M.J. 91, 91 (C.M.A. 1977) (summary disposition) (reversing the decision below as to certain specifications, dismissing those specifications, and authorizing reassessment of the sentence) (Cook, J., dissenting).
- United States v. Merchant, 4 M.J. 91, 91 (C.M.A. 1977) (summary disposition) (reversing the decision below as to certain specifications, dismissing those specifications, and authorizing reassessment of the sentence) (Cook, J., concurring).
- United States v. Henderson, 4 M.J. 91, 91 (C.M.A. 1977) (summary disposition) (reversing the decision below as to certain specifications, dismissing those specifications, and authorizing reassessment of the sentence).
- United States v. Johnson, 4 M.J. 91, 91 (C.M.A. 1977) (summary disposition) (reversing the decision below as to certain specifications, dismissing those specifications, and authorizing reassessment of the sentence) (Cook, J., dissenting).
- United States v. Cader, 4 M.J. 91, 91 (C.M.A. 1977) (summary disposition) (reversing the decision below as to certain specifications, dismissing those specifications, and authorizing reassessment of the sentence) (Cook, J., dissenting).
- United States v. Adams, 4 M.J. 91, 91 (C.M.A. 1977) (summary disposition) (reversing the decision below as to certain specifications, dismissing those specifications, and authorizing reassessment of the sentence).
- United States v. Vick, 4 M.J. 235, 236 (C.M.A. 1978) (reversing the decision below as to additional Charge II and authorizing sentence reconsideration).

- United States v. Ludlow, 5 M.J. 411, 412 (C.M.A. 1978) (reversing the court below, setting aside the sentence imposed, and authorizing a rehearing on the sentence) (Fletcher, C.J., dissenting).
- United States v. Scott, 5 M.J. 431, 433 (C.M.A. 1978) (setting aside sentence and authorizing a rehearing thereon) (Perry, J., concurring) (Cook, J., dissenting).
- United States v. Webb, 6 M.J. 85, 85 (C.M.A. 1978) (reversing the court below as to sentence and authorizing a rehearing thereon).
- United States v. Bowman, 7 M.J. 260, 260 (C.M.A. 1979) (summary disposition) (setting aside the findings of guilty as to certain specifications and dismissing the same and returning the record for reassessment of sentence based on remaining findings of guilty) (Cook, J., dissenting).
- United States v. Swalley, 7 M.J. 261, 261 (C.M.A. 1979) (summary disposition) (setting aside the findings of guilty as to certain specifications and dismissing the same and returning the record for reassessment of sentence based on remaining findings of guilty) (Cook, J., dissenting).
- United States v. Fisher, 21 M.J. 327, 329 (C.M.A. 1987) (reversing decision of the Court of Military Review and returning for reassessment of sentence) (Everett, C.J., concurring).
- United States v. Silva, 21 M.J. 336, 337 (C.M.A. 1986) (setting aside decision below as to sentence and authorizing review thereof) (Everett, C.J., concurring in the result).
- United States v. Bass, 22 M.J. 113, 113 (C.M.A. 1986) (summary disposition) (reversing the decision below as to sentence and authorizing a sentence rehearing in the event appellate defense counsel so requests within twenty days of the order).
- United States v. Murphy, 22 M.J. 113, 113 (C.M.A. 1986) (summary disposition) (reversing the decision below as to sentence and authorizing a sentence rehearing in the event appellate defense counsel so requests within twenty days of the order).
- United States v. Cozart, 22 M.J. 113, 113 (C.M.A. 1986) (summary disposition) (reversing the decision below as to

sentence and authorizing a sentence rehearing in the event appellate defense counsel so requests within twenty days of the order).

- United States v. Sales, 22 M.J. 305, 307 (C.M.A. 1986) (reaffirming the authority of the Court of Military Review to authorize a rehearing on sentence) (Cox, J., and Sullivan, J., concurring), discussed in United States v. Abilar, 2001 CCA LEXIS 266, at *11-*12, 2001 WL 1345657, at *4 (A.F. Ct. Crim. App. Oct. 31, 2001) (explaining this authority is no longer limited to instances in which the court is unable "to reliably determine what sentence would have been imposed at the trial level if the error had not occurred") (internal quotation marks and citation omitted).

- United States v. Kinman, 25 M.J. 99, 102 (C.M.A. 1987) (reversing the decision below as to sentence and authorizing a rehearing thereon) (Sullivan, J., concurring) (Cox, J., dissenting).

- United States v. Caraballo, 26 M.J. 216, 216 (C.M.A. 1988) (summary disposition) (reversing the decision below as to certain specifications, dismissing those specifications, and authorizing sentence rehearing based on remaining guilty findings) (Cox, J., dissenting).

- United States v. Deguzman, 26 M.J. 216, 216 (C.M.A. 1988) (summary disposition) (reversing the decision below as to certain specifications, dismissing those specifications, and authorizing sentence rehearing based on remaining guilty findings) (Cox, J., concurring in part and dissenting in part).

- United States v. Mullens, 27 M.J. 398, 398 (C.M.A. 1988) (summary disposition) (authorizing the sentence to be set aside and a sentence rehearing to be held if facts proved inadmissible and prejudicial error was found).

- United States v. English, 27 M.J. 398, 398 (C.M.A. 1988) (setting aside the findings as to Charge I, dismissing Charge I, and authorizing reassessment of sentence based on the remaining guilty findings).

- United States v. Kirk, 31 M.J. 84, 90 (C.M.A. 1990) (reversing the decision below as to sentence and authorizing a rehearing thereon) (Everett, C.J., and Cox, J., concurring).

- United States v. Hadlick, 31 M.J. 413, 413 (C.M.A. 1990) (summary disposition) (affirming the findings below but setting aside the sentence and authorizing a rehearing thereon).
- United States v. Pompey, 33 M.J. 266, 267, 271 (C.M.A. 1991) (affirming the decision below to set aside the sentence and authorize a rehearing thereon or, in the alternative, authorizing a sentence of no punishment) (Sullivan, C.J., and Cox, J., concurring).
- United States v. Martinez, 40 M.J. 82, 84 (C.M.A. 1994) (reversing the decision below as to sentence and authorizing a rehearing thereon) (Cox, J., Gierke, J., and Wiss, J., concurring) (Crawford, J., concurring in result).
- United States v. Boone, 49 M.J. 187, 194 (C.A.A.F. 1998) (reaffirming the Court of Criminal Appeals' authority to order a rehearing on sentence) (Cox, C.J., Crawford, J., Gierke, J., and Effron, J., concurring).
- United States v. Murphy, 50 M.J. 4, 16 (C.A.A.F. 1998) (setting aside the decision below, remanding the case to the CCA to review new evidence, and authorizing a rehearing as to death sentence) (Sullivan, J., and Crawford, J., dissenting).
- United States v. Harris, 53 M.J. 86, 88 (C.A.A.F. 2000) (affirming the decision below as to findings but reversing as to sentence and authorizing a sentence rehearing) (Gierke, J., joined by Crawford, C.J., concurring in the result).
- United States v. Washington, 55 M.J. 441, 443 (C.A.A.F. 2001) (affirming the court below as to findings but reversing as to sentence and authorizing a rehearing as to sentence) (Crawford, C.J., dissenting).
- United States v. Sills, 56 M.J. 239, 239 (C.A.A.F. 2002) (per curiam) (discussing the distinction between U.S. Supreme Court precedent indicating that the Court of Criminal Appeals is without authority to order a rehearing on sentence, and that of the U.S. Court of Appeals for the Armed Forces, holding that such courts indeed have the power to authorize rehearings as to sentence).
- United States v. Miles, 58 M.J. 192, 195 (C.A.A.F. 2003) (affirming the findings but reversing the decision below as

to sentence and authorizing a sentence rehearing) (Crawford, C.J., dissenting).

- United States v. Moffeit, 60 M.J. 348, 348 (C.A.A.F. 2004) (setting aside the findings of guilt, remanding the case and authorizing a sentence rehearing based on the remaining offense), discussed by United States v. Moffeit, 63 M.J. 40, 41 (C.A.A.F. 2006).

- United States v. Baier, 60 M.J. 382, 385 (C.A.A.F. 2005) (setting aside the decision below as to sentence and authorizing a sentence rehearing).

- United States v. Quintanilla, 63 M.J. 29, 30-31 (C.A.A.F. 2006) (affirming the decision below to set aside the sentence and authorizing a rehearing thereon).

- United States v. Davis, 63 M.J. 171, 175-76 (C.A.A.F. 2006) (explaining the jurisdictional rules allowing for sentence rehearings).

- United States v. Humphries, 71 M.J. 209, 211 (C.A.A.F. 2012) (dismissing the finding of guilty as to certain charges, remanding the case for reassessment, and authorizing a rehearing on the sentence, if necessary).

- United States v. Gaskins, 72 M.J. 225, 231 (C.A.A.F. 2013) (reaffirming the power of an appellate body to authorize a rehearing on sentence) (Stucky, J., concurring in part and in the result) (Baker, C.J., concurring in part and dissenting in part).

- United States v. Winckelmann, 73 M.J. 11, 14 (C.A.A.F. 2013) (reviewing the U.S. Court of Appeals for the Armed Forces precedent giving appellate bodies power to authorize a sentence rehearing as compared to the U.S. Supreme Court precedent that holds to the contrary).

United States v. Quick, No. 15-0347/MC

BAKER, Judge* (concurring):

I concur with the majority opinion and its compelling analysis of stare decisis. I write separately to make three additional points.

First, while neither the Government nor Appellee have analyzed the historical underpinnings of Article 66(d), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(d) (1996), the legislative history of the UCMJ and the predecessor Articles of War clearly indicates that Congress empowered the courts of criminal appeals -- previously the boards of review -- to order rehearings on sentence. The authority was first established in 1920, in Article 50½ of the Articles of War:

> When . . . the board of review holds the record of trial legally insufficient to support the findings or sentence, either in whole or in part . . . such findings and sentence shall be vacated in whole or in part . . . and the record shall be transmitted through the proper channels to the convening authority for a rehearing or such other action as may be proper.

Article of War 50½ (1920) (emphasis added).

This authority was carried forward in the 1948 Elston Act, through which Congress intended to retain "the substance of the clauses of . . . Article of War 50½ relating to rehearings" in the revised Articles of War, via Article of War 52. H.R. Rep.

---

* Former Chief Judge James E. Baker took final action in this case prior to the expiration of his term on July 31, 2015.

No. 1034, at 13 (1947).  Article of War 52 stated that any

reviewing authority, including the boards of review and the

nominal predecessor of this Court -- the judicial council --

possessed the authority to order a rehearing on sentence:

> When any reviewing or confirming authority disapproves a
> sentence or when any sentence is vacated by action of the
> board of review or judicial council . . . the reviewing or
> confirming authority or the Judge Advocate General may
> authorize or direct a rehearing.

Article of War 52 (1948).  This authority, in turn, was included

in the UCMJ:

> If the board of review sets aside the findings and
> sentence, it may, except where the setting aside is based
> on lack of sufficient evidence in the record to support the
> findings, order a rehearing.

Article 66(d), UCMJ (1950).

Notwithstanding this history, the Government contends that

this Court "rewrote" Article 66(d), UCMJ, in United States v.

Miller, 10 C.M.A. 296, 27 C.M.R. 370 (1959), in an ultra vires

grant of rehearing authority by judicial fiat.  The problem with

this argument is that the courts of criminal appeals and

predecessor boards of review have possessed the power to order a

rehearing on sentence for nearly a century, and Congress never

intended anything to the contrary.  In presenting Article 66(d),

UCMJ, to Congress, the Department of Defense succinctly

described the board of review's rehearing power by referencing

2

the like power of the convening authority under Article 63,

UCMJ:

> Subdivision (d) deals with the power to order a rehearing.
> (See Article 63.).

Uniform Code of Military Justice: Hearings on H.R. 2498 Before a

Subcomm. of the H. Comm. on Armed Servs., 81st Cong. 914 (1949),

reprinted in Index and Legislative History, Uniform Code of

Military Justice (1950) (not separately paginated) [hereinafter

Legislative History].

The drafters noted in the commentary to Article 63, UCMJ

that the rehearing power was "adopted from" Article of War 52,

as amended by the 1948 Elston Act.  Legislative History at 1180.

Article of War 52, in turn, was intended to restate the

substance of its predecessor, Article of War 50½.  H.R. Rep. No.

1034, at 13.  Article 50½ makes clear that the "findings and

sentence," used in this context, refer to the findings or

sentence set aside by the board of review, "in whole or in

part."  In other words, statutory law dating back nearly a

century -- not one decision of this Court or the United States

Supreme Court viewed in a vacuum -- answers the question

certified by the Government.

Nonetheless, the Government invites this Court to

relitigate this issue as if Jackson v. Taylor, 353 U.S. 569

3

(1957), had been decided yesterday,[1] and to analyze just what Article 66(d), UCMJ, means as if it were new law.

My second point is this:  the year is 2015, not 1958.  In the nearly six decades that have elapsed, the President has consistently promulgated Rules for Courts-Martial authorizing and establishing procedures for sentence-only rehearings.[2] United States v. Sills, 56 M.J. 239, 240 (C.A.A.F. 2002) (per curiam) (unanimous) (noting that Rules for Courts-Martial 810(a)(2) and 1203(c)(2) specifically contemplate sentence-only rehearings).  The Manual for Courts-Martial (MCM), in turn, has consistently differentiated between retrials and rehearings (i.e., not every rehearing is a retrial on findings and

---

[1] Contrary to the dissent's contention, every judge of this Court has not contravened Supreme Court precedent for more than six decades.  We have, in at least twenty cases, recognized Jackson's holding that Article 66(c), UCMJ, provides the statutory authority for military appellate courts to conduct sentence reassessment.  See infra Appendix to Concurring Opinion.  That conclusion represents the holding of Jackson, as explicitly recognized by the Supreme Court in the companion case of Fowler v. Wilkinson, 353 U.S. 583, 585 (1957) ("[T]he board of review had jurisdiction to modify the sentence.  [The] inquiry cannot be extended beyond that question.").

[2] The responses that the President cannot make substantive law, or that he has merely acquiesced to this Court's ultra vires action, are not persuasive.  In enacting these provisions, the President is acting pursuant to his statutory authority to establish procedural rules for the military justice system.  Article 36, UCMJ, 10 U.S.C. § 836 (2012).

4

sentence), and has specifically contemplated "rehearings on sentence only."  E.g., MCM para. 81(b)(2) (1969 ed.).[3]

Rehearings on sentence, therefore, have been contemplated by Congress since the Articles of War, and relevant procedures have been consistently promulgated by the President and recognized by the Department of Defense.  As the majority opinion notes, they are not unworkable under well-understood principles of stare decisis.  But an equally important consideration, and my third point, is that the Government's position is itself unworkable and may raise serious constitutional questions.

---

[3] The MCM has discussed rehearings on sentence since the first edition dealing with the UCMJ was published in 1951, noting that "[i]f a sentence is disapproved because of any procedural error prejudicial to the substantial rights of the accused, a rehearing may properly be ordered" by the convening authority, the board of review, or the Court of Military Appeals.  MCM ch. XVIII, para. 92 (1951 ed.).  And, of course, editions of the MCM published under the Articles of War provided guidance for issues presented by sentence-only rehearings.  For example, the commentary accompanying Article 50½ in the 1936 edition of the MCM stated that when the "board of review and the Judge Advocate General hold the record of trial to be legally insufficient to support a sentence requiring confirmation by the President before its execution, the record should not be submitted to the Secretary of War for the action of the President but should be returned to the reviewing authority in accordance with the provisions of A.W. 50½ for re-hearing or such other action as may be proper."  A Manual for Courts-Martial, U.S. Army app. 1 at 216 (1936 ed.).

The Government's position (or at least the Navy's position in this case) is that appellate courts within the military justice system lack the power to order a rehearing on sentence.[4] This position ignores the fact that in some cases, a military appellate court "cannot reliably determine what sentence would have been imposed at the trial level if the error had not occurred. Under these circumstances, a rehearing on sentence is in order." United States v. Sales, 22 M.J. 305, 307 (C.M.A. 1986). This consideration is perhaps most obviously illustrated by prejudicial error arising in the sentencing phase of a capital case. Presumably, in the Government and the dissent's view, prejudicial legal error in the penalty phase of a capital trial could be resolved on appeal as follows:

(1)   The Court of Criminal Appeals (CCA) may find constitutional error, such as ineffective assistance of counsel.

(2)   The CCA may test the error for harmlessness, and conclude that the error is not harmless beyond a reasonable doubt.

---

[4] In the context of this litigation, this position is taken by the Navy's Appellate Government Division, and individual appellate divisions have decided whether or not to file amicus briefs. The filings do not reflect whether the assertion that appellate courts within the military justice system lack the authority to order a rehearing on sentence represents the coordinated position of the Department of Defense, the President of the United States, or the United States government.

6

    (3)    The CCA may proceed to reassess the death sentence.[5]

             The CCA may not order a rehearing on sentence, because

             it lacks that authority under Article 66(d), UCMJ,

             even when presented with prejudicial constitutional

             error.

    (4)    The CCA may conclude by majority vote that,

             notwithstanding constitutional error prejudicial to

             the appellant's substantial rights under Article

             59(a), UCMJ, during the sentencing phase of trial, the

             death penalty is appropriate.

As a general matter, "absurd results are to be avoided if alternative [statutory] interpretations consistent with the legislative purpose are available." Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 575 (1982).[6] That principle

---

[5] Sentence reassessment is not synonymous with sentence reduction; reduction is not automatically required in the case of reassessment. Sales, 22 M.J. at 308.

[6] As recently as 2006, the Navy's Appellate Government Division took the view that military appellate courts may order rehearings on sentence, and successfully asked this Court to order such a hearing in a death penalty case. United States v. Quintanilla, 63 M.J. 29 (C.A.A.F. 2006). When Quintanilla moved for reconsideration and argued that the unique nature of military death penalty proceedings entitled him to a rehearing on both findings and sentence, the Navy's reply characterized his position as "at odds with established case law," and stated that it "would lead to obviously absurd results." Government's Answer to Petition for Reconsideration, United States v. Quintanilla, Nos. 05-0274 and 05-5001, 2006 WL 1087142, at *3 (C.A.A.F. Apr. 11, 2006).

applies here, where nothing suggests that Congress intended such a scheme. Moreover, even under Congress's authority to make rules for the government and regulation of the land and naval forces, it is not at all clear that the system envisioned by the Government -- allowing appellate courts to reassess and affirm a death sentence notwithstanding prejudicial constitutional error during the sentencing phase -- would afford a military appellant the due process protections guaranteed by the Constitution. Thus, when asked whether to adhere to our long-standing interpretation of a statutory provision and its predecessors which have permitted rehearings on sentence since 1920, or whether to adopt a new construction that would raise novel constitutional questions, this Court is "obligated to construe the statute to avoid [constitutional] problems if it is fairly possible to do so." Boumediene v. Bush, 553 U.S. 723, 787 (2008) (citing I.N.S. v. St. Cyr, 533 U.S. 289, 299 (2001) (quoting Crowell v. Benson, 285 U.S. 22, 62 (1932))) (internal quotation marks omitted).

In light of these considerations, the question might reasonably be asked, why, if every Judge of this Court has ignored Supreme Court precedent for more than sixty years, not a single Justice of the Supreme Court has so indicated in

evaluating petitions for writ of certiorari.[7]  In United States

v. Thomas, 66 M.J. 382 (C.A.A.F. 2008), cert. denied, 555 U.S.

886 (2008), the petitioner quoted Jackson's language finding "no

authority" for sentence rehearings in the UCMJ, argued that

there was a split between this Court and other federal courts of

appeals regarding the authority to remand a case for

resentencing, and asserted that "there is a question as to

whether the CAAF even has the authority under the UCMJ to remand

a case for resentencing."  Petition for a Writ of Certiorari,

Thomas v. United States, No. 08-117, 2008 WL 2900046, at *13,

*17 (July 24, 2008).  Of course, denials of certiorari are not

precedential, but if -- as the dissent contends -- this Court

has disregarded the hierarchy of the federal judiciary and

supported judicial "anarchy" for over six decades, it stands to

reason that the Supreme Court might say so.[8]  See U.S. Sup. Ct.

---

[7] In at least four petitions for writ of certiorari, petitioners have explicitly challenged the sentence reassessment power of military appellate courts, and have noted the possibility of sentence rehearings under this Court's case law and Article 66(d), UCMJ.  See United States v. Thomas, 66 M.J. 382 (C.A.A.F. 2008), cert. denied, 555 U.S. 886 (2008); United States v. Hoskins, 39 M.J. 361 (C.M.A. 1994), cert. denied, 513 U.S. 809 (1994); United States v. Arguello, 30 M.J. 219 (C.M.A. 1990), cert. denied, 498 U.S. 846 (1990); United States v. Burns, 25 M.J. 218 (C.M.A. 1987), cert. denied, 484 U.S. 977 (1987).

[8] Apart from arguing that a rehearing on sentence should have been ordered, in some cases, petitioners stated that a rehearing on sentence had been ordered or had already occurred.  E.g., United States v. McMurrin, 73 M.J. 243 (C.A.A.F. 2014), cert.

R. 10(c).  Alternatively, if the argument raised by the dissent
has long been settled, then no further consideration would
appear necessary.

In summary, this Court was correct in 1959, when it
determined that appellate courts within the military justice
system have the power to order sentence-only rehearings.
Miller, 10 C.M.A. at 298-99, 27 C.M.R. at 372-74.  Whatever the
import of the Supreme Court's dictum in 1957 finding "no
authority" for the procedure -- made in the course of denying
relief to a habeas petitioner challenging the reassessment power
of the boards of review -- there is such authority today, and it
has been consistently recognized by this Court, the Department
of Defense, and the President.  As the Navy argued in 2006, to
conclude otherwise "would lead to obviously absurd results."

---

denied, 135 S. Ct. 382 (2014); Quintanilla, 63 M.J. 29, cert.
denied, 549 U.S. 886 (2006); United States v. Saintaude, 61 M.J.
175 (C.A.A.F. 2005), cert. denied, 546 U.S. 979 (2005); United
States v. Stirewalt, 60 M.J. 297 (C.A.A.F. 2004); cert. denied,
544 U.S. 923 (2005); United States v. Johanns, 20 M.J. 155
(C.M.A. 1985), cert. denied, 474 U.S. 850 (1985).

APPENDIX TO CONCURRING OPINION

Cases Addressing Jackson v. Taylor, 353 U.S. 569 (1957)

United States v. Cummins, 9 C.M.A. 669, 679, 26 C.M.R. 449, 459 (1958) (Ferguson, J., dissenting) (noting that Jackson addressed the "power of the boards of review to determine appropriateness of sentence").

United States v. French, 10 C.M.A. 171, 185, 27 C.M.R. 245, 259 (1959) (Latimer, J.) (recognizing Jackson's determination that an accused is not "as a matter of law" entitled to a sentence rehearing in all cases).

United States v. Miller, 10 C.M.A. 296, 299, 27 C.M.R. 370, 373 (1959) (Latimer, J.) (concluding that the Supreme Court's decision in Jackson was addressed to sentence reassessment and did not intend to disturb existing rehearing practice).

United States v. Russo, 11 C.M.A. 352, 358, 29 C.M.R. 168, 174 (1960) (Ferguson, J.) (citing Jackson for the proposition that the boards of review have broad power to determine sentence appropriateness).

United States v. Rhodes, 11 C.M.A. 734, 745, 29 C.M.R. 551, 561 (1960) (Quinn, C.J.) (reaffirming the board of review's reassessment power as upheld in Jackson).

United States v. Lindsay, 12 C.M.A. 235, 242, 30 C.M.R. 235, 242 (1961) (Latimer, J., concurring in the result) (citing Jackson

for the proposition that, while sentence rehearings are permissible, sentence reassessment was appropriate).

United States v. Christopher, 13 C.M.A. 231, 234, 32 C.M.R. 231, 234 (1962) (Kilday, J.) (noting that Article 66(c), UCMJ, authorizes the unique military procedure, approved by the Supreme Court in Jackson, of sentence reassessment).

United States v. Zunino, 15 C.M.A. 179, 180, 35 C.M.R. 151, 152 (1964) (Kilday, J.) (citing Jackson for the proposition that sentence rehearing, while permissible, was not required).

United States v. Glaze, 22 C.M.A. 230, 230-31, 46 C.M.R. 230, 230-31 (1973) (Darden, C.J.) (upholding the lower court's power to reassess the sentence under Article 66(c), UCMJ, and Jackson).

United States v. Sales, 22 M.J. 305, 307 (C.M.A. 1986) (Everett, C.J.) (concluding that sentence reassessment under Article 66(c), UCMJ, is constitutional, citing Jackson).

United States v. Boone, 49 M.J. 187, 195 (C.A.A.F. 1998) (Ripple, Circuit Judge, sitting by designation) (reading Jackson and Miller together to conclude that both sentence reassessment and sentence rehearings are permissible appellate remedies).

United States v. Curtis, 52 M.J. 166, 168 (C.A.A.F. 1999) (per curiam) (recognizing that Jackson upheld the reassessment power of military appellate courts under Article 66(c), UCMJ).

12

United States v. Quick, No. 15-0347/MC

United States v. Eversole, 53 M.J. 132, 133 (C.A.A.F. 2000) (Cox, S.J.) (same).

United States v. Wilson, 54 M.J. 57, 61 (C.A.A.F. 2000) (Sullivan, J., concurring in part and dissenting in part) (citing Jackson in relation to Article 66(c), UCMJ).

United States v. Sills, 56 M.J. 239, 239 (C.A.A.F. 2002) (per curiam) (unanimous) (concluding that the lower court erred in finding that it had no authority to order a sentence rehearing under Jackson); see also Sills, 57 M.J. 606, 607 (A.F. Ct. Crim. App. 2002) (Breslin, S.J.) (explaining that the Air Force Court of Criminal Appeals was "well aware of its authority to order a rehearing on sentence," and asserting that its original opinion was misconstrued by all parties).

United States v. Doss, 57 M.J. 182, 187 (C.A.A.F. 2002) (Crawford, C.J., concurring in part and dissenting in part) (citing Jackson and Miller to support the CCA's authority to reassess the sentence under Article 66(c), UCMJ).

United States v. Tardif, 57 M.J. 219, 223 (C.A.A.F. 2002 (Gierke, J.) (noting that the Supreme Court's decision in Jackson affirmed the practice of sentence reassessment under Article 66, UCMJ).

United States v. Washington, 57 M.J. 394, 405 (C.A.A.F. 2002) (Sullivan, S.J., concurring in part and dissenting in part) (citing Jackson in connection with Article 66(c), UCMJ).

13

United States v. Quick, No. 15-0347/MC

United States v. Nerad, 69 M.J. 138, 142 n.3 (C.A.A.F. 2010) (Ryan, J.) ("the dissent's interpretation of Jackson [(Stucky, J., dissenting)] is squarely at odds with this Court's interpretation").

United States v. Winckelmann, 73 M.J. 11, 14 (C.A.A.F. 2013) (Baker, C.J.) ("[W]hat confusion that might have arisen as a result of the [Supreme Court's] dicta in Jackson was resolved by this Court in [Miller]").

STUCKY, Judge, with whom OHLSON, Judge, joins (dissenting):

Stare decisis is defined as "[t]he doctrine of precedent, under which a court must follow earlier judicial decisions when the same points arise again in litigation." Black's Law Dictionary 1626 (10th ed. 2014). The doctrine encompasses at least two distinct concepts, only one of which is raised by this case: (1) "an appellate court[] must adhere to its own prior decisions, unless it finds compelling reasons to overrule itself" (horizontal stare decisis); and (2) courts "must strictly follow the decisions handed down by higher courts" (vertical stare decisis). Id. The majority employs the former to enshrine this Court's flawed opinion in United States v. Miller, 10 C.M.A. 296, 27 C.M.R. 370 (1959), when the latter is the only relevant inquiry.

Citing Jackson v. Taylor, 353 U.S. 569 (1957), the Judge Advocate General of the Navy asked this Court whether the courts of criminal appeals are authorized to remand cases for rehearings on sentence alone. The majority begins by correctly describing the genesis of the issue. In Jackson, the petitioner contested the authority of the United States Army Board of Review to reassess his sentence instead of remanding for a sentence rehearing. Id. at 571. The Supreme Court concluded:

> Finally, the petitioner suggests that the case should be remanded for a rehearing before the court-martial on the question of the sentence. We find no authority in the

> Uniform Code for such a procedure and the petitioner points
> to none. The reason is, of course, that the Congress
> intended that the board of review should exercise this
> power. This is true because the nature of a court-martial
> proceeding makes it impractical and unfeasible to remand
> for the purpose of sentencing alone. See United States v.
> Keith, 1 C.M.A. 442, 451, 4 C.M.R. 34, 43 (1952). Even
> petitioner admits that it would now, six years after the
> trial, be impractical to attempt to reconvene the court-
> martial that decided the case originally. A court-martial
> has neither continuity nor situs and often sits to hear
> only a single case. Because of the nature of military
> service, the members of a court-martial may be scattered
> throughout the world within a short time after a trial is
> concluded. Recognizing the impossibility of remand to the
> same court-martial, petitioner suggests as an alternative
> that the case should be remanded for a rehearing before a
> new court-martial. He admits that it would now be
> impractical for such a new court-martial to hear all of the
> evidence, and that the court would have to make its
> sentence determination on the basis of what it could learn
> from reading the record. Such a procedure would merely
> substitute one group of nonparticipants in the original
> trial for another. Congress thought the board of review
> could modify sentences when appropriate more expeditiously,
> more intelligently, and more fairly. Acting on a national
> basis the board of review can correct disparities in
> sentences and through its legally-trained personnel
> determine more appropriately the proper disposition to be
> made of the cases. Congress must have known of the
> problems inherent in rehearing and review proceedings for
> the procedures were adopted largely from prior law. It is
> not for us to question the judgment of the Congress in
> selecting the process it chose.

Id. at 579-80 (emphasis added) (footnotes omitted).

Two years after Jackson, the Court of Military Appeals flatly ignored the Supreme Court's explicit holding. Miller, 10 C.M.A. at 297, 27 C.M.R. at 371. The Court of Military Appeals noted that it was the practice of military courts to order rehearings on sentence alone before Jackson. Id. at 299, 27

United States v. Quick, No. 15-0347/MC

C.M.R. at 373.  It asserted that the UCMJ does not prohibit, and

"impliedly authorizes," remands for rehearings on only the

sentence.  Id. at 299, 27 C.M.R. at 373.

> Moreover, as the board of review pointed out in its well-
> reasoned opinion, the literal but entirely unreasonable
> construction of Article 66(d), supra, can easily be avoided
> merely by substituting "or" for "and," construing that
> statute to provide, "If the board of review sets aside the
> findings or sentence, it may . . . order a rehearing."
> (Emphasis supplied.)

Id. at 299, 27 C.M.R. at 373 (quoting United States v. Miller,

26 C.M.R. 673, 680 (A.B.R. 1958)).

The Court of Military Appeals' decision in Miller

contravened vertical stare decisis by analyzing de novo whether

the UCMJ authorized a sentence rehearing, rather than applying

the Supreme Court precedent from Jackson.  The Supreme Court has

unequivocally condemned such actions:

> [T]he Court of Appeals could be viewed as having ignored,
> consciously or unconsciously, the hierarchy of the federal
> court system created by the Constitution and
> Congress. . . .  [U]nless we wish anarchy to prevail within
> the federal judicial system, a precedent of [the Supreme]
> Court must be followed by the lower federal courts no
> matter how misguided the judges of those courts may think
> it to be.

Hutto v. Davis, 454 U.S. 370, 374–75 (1982); see United States v.

Tualla, 52 M.J. 228, 230 (C.A.A.F. 2000) (recognizing that lower

courts are bound by decisions of superior courts).

Today, the majority analyzes the issue presented by

employing the criteria for overruling one of its own decisions

3

(horizontal stare decisis).  United States v. Quick, __ M.J. __,

__ (9) (determining whether the precedent is unworkable or badly

reasoned (citing Tualla, 52 M.J. at 231), and examining

intervening events, reasonable expectations of servicemembers,

and the risk of undermining public confidence in the law (citing

United States v. Boyett, 42 M.J. 150, 154 (C.A.A.F. 1995))).[1]

This would be all well and good in the proper context.  It

misses the point entirely in the context actually presented.

The question is not whether intervening developments, reasonable

expectations, and the like support overruling Miller vel non,

but the intrinsic legitimacy of Miller in the first place.  The

fact that we as a court may have gotten away with ignoring

Jackson v. Taylor for decades does not justify repeating the

error when the question is squarely presented, as it is here.

This conversion of the question from one of vertical to

horizontal stare decisis demonstrates a basic misunderstanding

of the doctrine and of this Court's place in the judicial

hierarchy.  The questions raised in Tualla and Boyett are

relevant only when an appellate court is deciding whether to

overturn one of its own precedents, not when it is "compelled to

---

[1] Furthermore, the majority's horizontal stare decisis discussion
is flawed.  The majority asserts that a rehearing on sentence
alone is not unworkable.  Quick, __ M.J. at __ (10).  But we are
bound by the Supreme Court's specific holding to the contrary.
Jackson, 353 U.S. at 579-80.  Moreover, anyone who has
participated in a sentence rehearing will confirm the accuracy
of the Supreme Court's characterization of the practice.

apply the precedent of a higher court." Jaffree v. Wallace, 705 F.2d 1526, 1532 (11th Cir. 1983), aff'd in part, 466 U.S. 924 (1984), and aff'd, 472 U.S. 38 (1985).

The real issue presented is whether the Supreme Court's decision in Jackson was a holding which this Court is bound to apply. If, as a majority of this Court believes, the Supreme Court's conclusions regarding sentence-only rehearings were not dicta,[2] the application of horizontal stare decisis is simply irrelevant. As Senior Judge Everett so eloquently stated:

> The fundamental error in the court's analysis was in according the policy of stare decisis an aspect of flexibility that it does not have. A precedent-making decision may be overruled by the court that made it or by a court of a higher rank. That discretion, however, does not reside in a court of a lower rank

United States v. Allbery, 44 M.J. 226, 228 (C.A.A.F. 1996) (quotation marks and citation omitted) (referring to failure of a court of criminal appeals to follow Court of Military Appeals precedent).

Both the majority and concurring opinions attach some significance to the President's mention of sentence-alone rehearings in Rules for Courts-Martial 810(a)(2) and 1203(c)(2), presumably pursuant to his authority under Article 36(a), UCMJ, 10 U.S.C. § 836(a) (2012). See Quick, __ M.J. at __ (15-16);

---

[2] See United States v. Winckelmann, 73 M.J. 11, 16 (C.A.A.F. 2013) (Stucky, J., concurring in the result); id. at 17 (Ryan, J., concurring in the result).

id. at __ (3-4) & nn.2, 3 (Baker, J., concurring).  But Article 36(a), UCMJ, grants the President authority only to prescribe rules for courts-martial "which may not be contrary to or inconsistent with [the UCMJ]."  As the Supreme Court has held that the UCMJ does not authorize rehearings on sentence alone, the President may not establish a rule to the contrary.[3]

As the majority refuses to recognize the primacy of the Supreme Court's decision in Jackson, and insists on continuing the original sin of Miller, I respectfully dissent.

---

[3] Parenthetically, since the Supreme Court in Jackson was construing the Article 66, UCMJ, powers of the boards of review, I fail to see the relevance of an extended disquisition on rehearing practice under the Articles of War.  One might think that the Supreme Court's interpretation of a then-recent statute would be a more compelling analysis.